## JACOB H. PAULIN

*v.*

## WILLIAM J. HOWSER.

1. INSTRUCTIONS—*must rest upon evidence.* Instructions, based upon suppositious facts, not proven on the trial, tend to mislead the jury by inducing them to presume facts not shown.

2. TRESPASS BY MINORS—*when parent not liable for.* A father is not, nor can he be held responsible for the unauthorized trespass of his minor children. In that respect the child occupies the same relation to the father as does a servant.

3. SAME—*compromise.* An offer of the father to pay a sum by way of compromise to avoid a law suit, is not, unless accepted, a ratification of the son's act.

4. SAME—*admissions.* It is an elementary principle of the law that a proposition made by one party to the other simply for the purpose of effecting a compromise, is not binding unless accepted, and can not be shown on trial as evidence of an admission of facts.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. BEASON & BLINN, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit brought before a justice of the peace by appellee, against appellant, and subsequently removed into the Logan circuit court. The recovery was had in the court below for an alleged trespass, committed by the son of appellant, in worrying one of appellee's hogs with dogs so that the animal died. From a careful examination of the evidence in the record, we are constrained to believe it is very slight upon which to base a recovery, even if appellant had ordered his son to turn the hog out of the field. The boy was introduced as a witness by appellee, and he swore that the dogs did not injure the hogs, and that he did not beat them with clubs or any other instrument. Again, Neering testified that he had a dog that would drive stock out of the field without being set upon them; that he was severe upon stock; that on the morning of the day the animal was injured he heard a hog squealing in the direction of appellant's pasture, and he does not know whether or not his dog was then worrying the hog. Again, when found the hog was a considerable distance from the place where it is alleged the injury was done. From all this evidence, it is, to say the least, extremely doubtful whether appellant's son caused the injury from which the hog died.

Again, the court erred in giving appellee's instruction. It is this:

"The court instructs the jury that if the dogs of the defendant were set on the hogs of the plaintiff by defendant's son,

and the boy had been previously instructed to dog or drive plaintiff's hogs out of the field of defendant, then the jury may presume, if they so believe, from the evidence, the boy was following his father's instructions in setting the dogs on plaintiff's hogs, if the jury believe, from the evidence, that the boy did set the dogs on the hogs of the plaintiff."

This instruction is not based upon the evidence. So far from there being evidence that appellant had previously directed his son to set the dogs after appellee's hogs, they both swear that no such directions were given; that he, on a previous occasion, simply directed that the boy turn the hogs out of the inclosure. Yet this instruction assumes there was such evidence in the record. It was calculated to mislead, and, on the slight evidence in the case, it no doubt did mislead, as with such evidence there would have been a very different question presented. It might be that the jury could have presumed, had there been evidence that appellant had, on a previous occasion, directed his son to set the dogs after the hogs, that he had a general authority to do so, but even had there been such evidence, it was not the province of the court to determine and tell the jury what it proved. That was for the jury. This instruction was manifestly wrong and should not have been given.

The court should have given the instruction asked by appellant and refused by the court. It is this:

"The court further instructs the jury that any proposition made by Paulin, (the defendant,) to the plaintiff, for the purpose of compromising this suit, unless his proposition was accepted by the plaintiff, would not be a ratification of the act of the son in doging the hog, and the jury should not take any such propositions into consideration."

It is an elementary principle of the law that a proposition made by one party to the other simply for the purpose of

effecting a compromise, is not binding unless it is accepted. Parties have the right to buy their peace, and it would be unjust to hold such unaccepted propositions as binding as admissions. They are always made with a view to avoid litigation and never as admissions of facts, and it is unreasonable to hold that a party, by such a proposition, intends to do what he does not contemplate and could never intend. No one can reasonably say that a party who offers to pay a sum to avoid litigation, intends to admit that sum to be due, any more than if he offers to pay a sum of money for an article of property, he thereby admits the sum offered to be owing to the person to whom the proposition is made. In the one case he offers to purchase his peace, in the other he offers to purchase property.

We fail to perceive any evidence upon which to base the modification of the instruction given for appellant. If the son acted without authority from his father, then the father was not liable. A father is not, nor can he be held responsible for the unauthorized trespasses of his minor children. In that respect the child occupies the same relation to the father as does a servant. He is liable for the acts of either when performed under his directions or in the course of their general employment; but not for their trespasses committed independent of their employment or not under directions. It was a question for the jury whether the son was acting under the general or special orders of appellant, and if they found he was not, then there was no evidence from which they could infer a ratification, unless it was the offer to compromise, and we have seen that could have no such effect.

For the errors indicated the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*