Miene v. The People.

37    589
87    160

## FRED MIENE

### v.

## THE PEOPLE EX REL. ANNA C. OLSEN.

*Bastardy—Release of Father—Evidence—Instructions.*

1.   While an offer by way of compromise is not admissible in evidence against the party making it, admissions of independent facts made in the course of attempts to settle are admissible, unless expressly stated as made without prejudice or in confidence.

2.   In bastardy proceedings this court holds as proper the admission in evidence of certain writings, as tending to show that at the time of the making thereof defendant considered himself to be father of the child in question; that the refusal of an instruction on the part of the defendant, touching the proper consideration to be given the evidence of the plaintiff, can not be complained of, the fact being that the giving thereof could not have benefited him, and declines to interfere with the verdict for the plaintiff.

[Opinion filed January 16, 1891.]

APPEAL from the Criminal Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. F. H. TRUDE, for appellant.

Mr. F. H. ATWOOD, Assistant County Attorney, for appellees.

WATERMAN, J.   It is insisted that the court below erred in allowing the introduction in evidence of two papers, one of which was signed, and the other written by appellant.   They are :

"CHICAGO, December 26, 1889.

" I, Fred Miene, do hereby acknowledge myself to be the sole father of the unborn child of Anna Olsen, who is now pregnant and sick to child-birth at Mrs. Bertha Schwartz' hospital, 371 South Halsted St., and I hereby agree to pay said Anna Charlotta Olsen the sum of $100 in full payment of that she may have upon me for damages caused by my relations with her, or on account of my promises I have made to

marry her.    And I, the said Anna Charlotta Olsen, hereby agree to release him from all claims for damages in consideration of the payment of the said sum of $100.

"Fred Miene."

"Chicago, Dec. 17, 1889.

"I, the undersigned, in consideration of favors, service and payments which Fred Miene has made in my presence to Mrs. Schwartz, give up all claims I have on Fred Miene as being the doubtful father of my unborn child.    In consideration of which he must pay my board until I am perfectly well and free from my pregnant condition."

It is well settled that an offer by way of compromise is not admissible in evidence against the party making it; but admissions of independent facts made in the course of attempts to settle are admissible, unless expressly stated as made without prejudice or in confidence.    Greenleaf on Ev., Sec. 192; Wharton on Ev., Sec. 1090; Sanborn v. Neilson, 5 N. H. 501, 508; Harrington v. Inhabitants of Lincoln, 4 Gray, 563, 566.

As admissions that he, at the time of making them, thought himself to be the father of this child, these papers were receivable.

The sixth instruction asked for on behalf of the defendant was:

"The court instructs the jury that no greater weight must be given to the evidence of Anna C. Olsen than to the evidence of Fred Miene, on account of one being a woman and the other a man; as in the law both sexes are equally credible, and as much weight must be given to the evidence of a man as that of a woman, all other things being equal."

This instruction might well have been given, but in view of the facts of this case we do not think the judgment of the court below should be reversed for the refusal to give an instruction which, we can not see, would have been of any benefit to appellant; it may be, as stated by counsel, that in bastardy proceedings the jury are inclined to believe the testimony of the mother rather than that of the defendant; but this inclination does not arise from any erroneous views they may entertain as to the law, nor would it be removed by an

instruction that, in law, the sexes are equally credible; and the court can not instruct them as to what the fact concerning credibility is in such cases.

The preponderance of the evidence seems to us to be in favor of the verdict of the jury, and it found all that is required by the statute.

*Judgment affirmed.*