## Emma D. Harrison v. John W. Trickett.

1. BUILDING CONTRACTS—*Extra Work—Delay in Completing Contracts.*—The mere ordering of extra work will not absolve a builder from the consequences of a delay in completing the work in accordance with the terms of his contract.

2. EVIDENCE—*Offers of Compromise.*—It is error to permit, on the trial of a case, the introduction in evidence of a letter containing an offer of compromise.

3. SAME—*Conclusions of the Witness.*—It is error to permit a plaintiff to testify in chief to his conclusions that the defendant did not object to his bill when he presented it. He could properly state only what the defendant said and did when the bill was presented.

**Memorandum.**—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Submitted at the October term, 1894. Reversed and remanded. Opinion filed February 12, 1895.

### STATEMENT OF THE CASE.

Appellee contracted with appellant to build for her, according to certain plans and specifications, a World's Fair Hotel, for which he was to receive $8,000.

The contract provided that appellee was to push the work with all speed, and deliver the building by the 1st day of April, 1893, or pay a forfeit of $50 per day from any day over that time required to finish it.

The house was not delivered on the 1st day of April; not being finished until some time in May. May 16th guests that had come to the hotel went away because of its unfinished condition. Appellant ordered some extra work. She was damaged by the failure of appellee to finish the house by April 1st. Appellee bringing suit upon the contract, recovered a judgment for $1,888.35, from which the defendant prosecuted this appeal.

APPELLANT'S BRIEF, MORRIS & GANSE, ATTORNEYS.

The forfeiture of $50 per day from April 1st, the time contracted for the completion of the building, until May 9th, the time when the building was ready for occupancy, was in the nature of liquidated damages, and should have been allowed to the appellant.

The sum named was clearly "liquidated damages" and not "a penalty." Whenever the damages are evidently the subject of calculation between the parties, and a certain sum is agreed upon and intended as compensation, and is reasonable in amount, it will be allowed by the court as liquidated damages. Sedgwick on Damages (8th Ed.), Sec. 405, and cases cited; Goodyear v. Selz, 51 Ill. App. 396.

Courts have not been confined and controlled alone by the literal terms, stipulated or liquidated damage, used by the parties, when inquiring into their true intention and meaning. But they have looked to the subject-matter of dispute, the situation and condition of the parties, and all the circumstances, together with the effect and consequences, as aids in arriving at the true meaning. Low v. Nolte, 16 Ill. 475; Perin v. Webber, 47 Ill. 41; Gobble v. Linder, 76 Ill. 157; Scofield v. Tompkins, 95 Ill. 190; The Consolidated Coal Co. v. Peers, 150 Ill. 344; Hall v. Crowley, 87 Mass. 304.

HOFHEIMER, ZEISLER & MACK, attorneys for appellee.

Harrison v. Trickett.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The court, this being an action commenced by attachment, against the objection of the defendant, permitted the plaintiff to introduce in evidence a letter containing an offer of compromise sent by appellant to appellee. This was error. Barker v. Bushnell, 95 Ill. 220. The plaintiff should not have been permitted to testify in chief to his conclusion that the defendant did not object to the bill he presented to her. He could properly have stated what she did or said when the bill was presented.

At the instance of the plaintiff the court gave the jury the following instruction:

" 3. The jury is further instructed that if they shall find from the evidence in the case that the completion of the work was delayed by the ordering of extra work or alterations, no claim to penalties can be recovered."

The mere ordering of extra work which it would not take more than a day to do, would not absolve a builder from the consequences of a delay of six weeks in completing work he had undertaken. For such delay as was reasonable, that is, for such time as was reasonably required in which to do the extra work, and such delay as on account thereof was caused, appellee was, by the extra work, excused. Emden on Building Leases and Contracts, 167; Thomhill v. Neats, 8 Common Bench, New Series, 831; Jones v. St. Johns College, Law Rep. Ch. Queen's Bench, 115; Oakden v. Pike, 34 Law Journal Chy. 620; Holner v. Guppy, 3 Meeson & Welsby, 387.

We do not think that under the evidence adduced in this case the provision for a forfeiture of fifty dollars a day should, in an instruction of this nature, have been characterized as a penalty. The judgment of the Superior Court is reversed and the cause remanded.