## William Gehm v. The People, etc.

1. SETTLEMENT—*Unaccepted Offer.*—A mere unaccepted offer to pay a sum in compromise of a suit or claim is not admissible in evidence against a party, on grounds of public policy, and this rule is applicable to bastardy suits.

2. BASTARDY PROCEEDING—*A Civil Suit.*—A proceeding in bastardy

Gehm v. The People.

is a civil suit, and a preponderance of evidence in favor of the com-
p'ainant is sufficient to support a verdict.

3.  INSTRUCTIONS—*Preponderance of the Evidence.*—It is improper to
instruct a jury in an argumentative manner as to the weight to be given
to the testimony of witnesses: the jury themselves may see reasons to
believe one and disbelieve another.

Bastardy.—Appeal from the County Court of Bureau County; the
Hon. R. M. SKINNER, Judge, presiding. Heard in this court at the
October term, 1899. Reversed and remanded. Opinion filed February
1, 1900.

HASKINS & PANNECK, attorneys for appellant.

ALFRED R. GREENWOOD and WATTS A. JOHNSON, attorneys
for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a bastardy proceeding, in which defendant was
charged with being the father of the illegitimate child of
Mrs. Kate Ford.   On a jury trial defendant was convicted,
and the usual order against him was entered, and he appeals
therefrom.   We have concluded a new trial should be
awarded for two reasons.

1.   Upon the trial the prosecutor was permitted to prove
by Charles Noe that he asked defendant if the case could
not be settled, and that defendant replied he had offered
Wymer, father of Mrs. Ford, $350, and he would not take
it.   This evidence was objected to as soon as it appeared
the conversation related to an effort at a settlement, and
before the statement had been made by the witness, and
the objection was overruled and defendant excepted.   After
the testimony had been given defendant asked to have it
excluded, and this was denied, and defendant excepted.
There was nothing in the statement of defendant so testified
to, tending to admit that the charge against him was true,
or that he was the father of Mrs. Ford's child, or that he
had ever had intercourse with her.   A mere unaccepted
offer to pay a sum in compromise of a suit or claim is not
admissible in evidence against a party, on grounds of

public policy. An innocent party has a right to buy his peace and thus avoid suit. If such offer could afterward be given in evidence against the party making it, and used as a tacit admission of liability, no attempt to compromise a suit would ever be made. (1 Greenleaf on Evidence, Section 192; Rockafellow v. Newcomb, 57 Ill. 186; Paulin v. Howser, 63 Ill. 312; Barker v. Bushnell, 75 Ill. 220; Rollins v. Duffy, 18 Ill. App. 398; McKinzie v. Stretch, 53 Ill. App. 184; Harrison v. Trickett, 57 Ill. App. 515.) Lord Mansfield thus stated the rule:

"It must be permitted to all men to buy their peace without prejudice to them should the offer not succeed, such offers being made to stop litigation, without regard to whether anything is due or not. That no advantage shall be taken of offers made by way of compromise, that a party may with impunity attempt to buy his peace, are well established rules of law." (1 Rice on Evidence, Sec. 243.)

This rule is as applicable to a bastardy suit as to any other. (Miene v. People, 37 Ill. App. 589.)

A public trial of a charge of this kind may seriously affect the standing in the community even of one who is innocent, and a rule ought not to be established which would in effect prevent the withdrawal of the charge by compromise. In view of the fact that the supposed statement by defendant did not contain an admission of guilt, or of any incriminating fact, we are of opinion it was error to admit the evidence and error to refuse the motion to exclude it after it had been received. The ruling of the court made it necessary for defendant to go into proof of said conversation with Noe. Defendant's version of the conversation made him not a participant in the offer to compromise. But the jury may have concluded that as defendant was interested and Noe was not, greater credence should be given the testimony of the latter; and as the court had ruled the testimony competent, the jury would naturally conclude that the offer to compromise was considered by the court as a circumstance tending to show defendant was the father of Mrs. Ford's child, if not indeed a direct admission thereof.

2.   This is a civil suit, and a mere preponderance of evidence in favor of the people is sufficient to support a verdict against defendant.   Mrs. Ford testified that in the evening of April 10, 1898, in her bedroom, in the house where both parties lived as servants, defendant had intercourse with her, and that he was the father of her child, born January 4, 1899.   Defendant testified he did not visit her room the evening of April 10, 1898, and that he never had intercourse with her at that or any other time.   We are unable to find anything in the evidence which seriously tends to corroborate Mrs. Ford upon the main question, whether he did visit her room and have intercourse with her, except the incompetent proof of an offer to compromise.   Defendant relies upon McFarland v. People, 72 Ill. 368, where, in a bastardy case, it was held to be error to refuse to instruct the jury that if the mother swears defendant is the father, and defendant swears he is not, then if they are of equal credibility, the one offsets the other, and unless further evidence or circumstances proved give the preponderance for plaintiff, defendant should be acquitted.   But this was overruled in Johnson v. People, 140 Ill. 350.   Undoubtedly it is improper to instruct the jury in this argumentative manner as to the weight to be given to the testimony of witnesses. It is also true the jury may see reasons to believe the one and disbelieve the other which can not be incorporated in the record sent to this court.   Yet the question whether the evidence is sufficient to support the verdict is open to determination in this court; and while we must give due weight to the superior facilities possessed by the jury for determining the truth by seeing the manner of the witnesses upon the stand, yet that consideration is not conclusive upon us that their verdict is just.   We find no competent evidence in this record casting any doubt on the defendant as a witness. On the other hand not only were there several features of Mrs. Ford's testimony which were very improbable, but her evidence is placed under serious cloud by the fact, which appeared upon her cross-examination, that she was indicted with her husband and others for the murder of Edward

Moore at Allen's Park, Ottawa, in 1890; that she pleaded guilty and was sentenced to imprisonment in the penitentiary for a term of fourteen years, and served five years and seven months of that sentence, and was then pardoned. Finding that the prosecuting witness has been a married woman, and is an ex-convict, and that her evidence is uncorroborated upon the main fact, and is in several respects improbable, and that she had the burden of proof, while against her is the positive denial of the defendant, who stands unimpeached, we are of opinion this case ought to be submitted to another jury.

The judgment is reversed and the cause remanded.