# Anton Alminowicz v. People of the State of Illinois, ex rel. Anna Zelvic.

## Gen. No. 11,644.

1. BASTARDY—*what essential to maintenance of prosecution for.* When the complaint is made before delivery, as in this case, the complainant must be unmarried at the time of making the complaint. If the complaint is made after delivery, she must have been unmarried when the child was born.

2. BASTARDY—*degree of proof required in prosecution for.* In order to find a defendant in bastardy guilty only a preponderance of evidence is required.

3. UNMARRIED WOMAN—*what essential to establish, in prosecution for bastardy.* The fact that the relatrix was unmarried at the time of

the complaint and the birth of the child may be implied from the evidence even when not directly proved.

4. ADMISSIONS—*when competent, notwithstanding made during negotiations for settlement.* Admissions of independent facts made in the course of attempts to compromise are admissible, unless expressly stated as made without prejudice or in confidence.

5. PREPONDERANCE OF EVIDENCE—*how determined.* A mere preponderance in numbers does not necessarily determine where the preponderance of evidence lies.

Bastardy proceeding. Appeal from the Criminal Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed December 15, 1904.

JULIUS F. SMIETANKA, for appellant.

No appearance for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

. The appellant in this case was bound over to the Criminal Court of Cook county by a police magistrate on August 15, 1903, on a complaint in bastardy ˉproceedings by Anna Zelvic. On December 2, 1903, he pleaded not guilty in the Criminal Court, and an issue was made up, as required by the statute, as to whether the defendant was or was not the real father of the child of the complaining witness, Anna Zelvic. The verdict of the jury was "that the relatrix, Anna Zelvic, an unmarried female, was delivered of a bastard child on July 25, 1903, and that the defendant, Anton Alminowicz, is the real father of said bastard child, and that said child is still living." A motion for a new trial was made by defendant and overruled by the court. A motion in arrest of judgment also was made and overruled.

Judgment was then entered in proper form, requiring the defendant to pay for the support, maintenance and education of said bastard child in the sum of $100 for the first year and $50 each year for the term of nine years succeeding, and providing for the proper statutory bond and for the commitment of the defendant to jail if he neglected to comply with the judgment order. To this order and

judgment defendant excepted, and from them appealed to this court and duly perfected his appeal.

The grounds urged in this court for the reversal of the judgment are that the evidence was not sufficient to justify the verdict, and that, therefore, a motion for a peremptory instruction made at the conclusion of the evidence for the People, and again at the conclusion of all the evidence, should have been granted, and also that the verdict, being clearly against the weight of the evidence, should have been set aside on the motion for a new trial and a new trial granted.

The point is urged first, that there is no evidence that the complaining witness was an unmarried woman when the child was born. When the complaint is made before delivery, as in this case, the complainant must be unmarried at the time of making the complaint. If the complaint is made after delivery, she must be unmarried when the child is born. People v. Volksdorf, 112 Ill. 292. It is true that the evidence that the complaining witness in this case was unmarried is inferential and not direct, but we think the evidence concerning a proposed marriage by her to defendant's brother, and afterwards the defendant's language about marrying her himself, which appears in the evidence, was sufficient to justify the jury, if believed by it, in finding, in the absence of any countervailing evidence, that she was unmarried. Both defendant and defendant's brother had known her when young in the old country as well as here. Her being an unmarried woman at the time of the complaint and the birth of the child, may be implied from the evidence even when not directly stated. Durham v. The People, 49 Ill. 233.

We shall not discuss in detail the evidence concerning the paternity of the child as it appears in the record. It required only a preponderance of the evidence to warrant the jury in finding the appellant guilty. Johnson v. The People, 140 Ill. 350. It is true that a greater number of witnesses were produced by the appellant than by the People, but even if a preponderance of numbers was a test

of the weight of the evidence, there would be no preponderance on the side of the appellant in this case. Everything sworn to by all appellant's witnesses except himself might be true, and yet the complaint be well founded and the jury justified in rendering the verdict it returned. The prosecuting witness swore directly to the fact of defendant's paternity, and three other witnesses swore to substantial admissions of it by him after the child was born. Appellant insists that these admissions, if made, were in the course of negotiations for settlement and inadmissible against him; but the rule is well stated in the case cited by his counsel: " It is well settled that an offer by way of compromise is not admissible in evidence against the party making it, but admissions of independent facts made in the course of attempts to settle are admissible, unless expressly stated as made without prejudice or in confidence." Miene v. People, 37 Ill. App. 589. But a mere preponderance in the number of witnesses is not the test of the weight of the evidence. Our statute on bastardy expressly declares that the credibility of the mother and the defendant shall be left to the jury. In every case the jury is the proper judge of the relative credibility of witnesses if the evidence is conflicting, and in no conceivable case could it be more properly so than in such a case, and concerning such witnesses as this record discloses.

We see no reason for disturbing the judgment of the Criminal Court, which is accordingly affirmed.

*Affirmed.*