## B. M. Kuhn v. H. M. Williams.

1. VERDICT—*when not manifestly against the evidence.* A verdict is not manifestly against the weight of the evidence merely because the plaintiff's version was uncorroborated and that of the defendant was corroborated.

2. OFFERS OF COMPROMISE—*when competent.* Admissions of independent facts, though made in the course of negotiations for a compromise, are competent.

3. NEWLY DISCOVERED EVIDENCE—*when not ground for new trial.* Newly discovered evidence which is merely cumulative and not conclusive, is not ground for a new trial.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed February 1, 1906.

WELTY, STERLING & WHITMORE, for appellant.

STONE & OGLEVEE, for appellee.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

This is a suit by appellee against appellant to recover commissions upon the sale of 320 acres of land, located in Henry county, Illinois, which was purchased of appellant by one Victor. Appellee recovered judgment for $300, to reverse which this appeal is prayed. Appellant's version of the contract between the parties is, in substance, that in case appellee furnished customers for land that appellant had for sale, either as agent or owner, appellant would pay him fifty cents an acre as commission; while appellee's version is that he was to receive not less than one dollar per acre upon all lands sold to such customers as he should procure; that it was understood that appellee's part of the work was to furnish the customers and that appellant would then close the deal. Appellant insists that appellee did not procure or furnish Victor as a customer for the land in question, and that Victor was the customer of one Evans to whom he paid commissions for making the sale to Victor. What were the terms of the contract as to the amount of commissions to be paid was a question for the jury, and we see no reason to disturb their finding thereon.

The chief controversy in the case is as to whether appellee furnished Victor as a customer for the land. The testimony of the parties upon this question is in direct conflict and irreconcilable. Appellee testified that after the contract was made, he went to Normal and saw Victor and had a conversation with him relative to the lands in which appellant was interested; that he went with him to appellant's office and introduced him to appellant; that appellant showed Victor his lands in an atlas; that Victor said he would look at the land, and afterward went with appellant to see it, and finally purchased 320 acres at $65 per acre. Appellant testified that prior to the contract, the land in question was in the hands of one Evans for sale, as the agent of appellant; that Evans had told him that Victor was a possible purchaser of the land, and that he so informed appellee; that afterwards appellee brought Victor to the office of appel-

lant and tried to interest him in another tract of land, but said nothing to him about the tract which he finally bought. The testimony of Victor substantially corroborates that of appellant.

Appellant admits that if the facts were to be determined upon the testimony of the parties, alone, there might have been some justification for the verdict, but insists that inasmuch as the testimony of appellee stands alone, and that of appellant is corroborated, appellee is so successfully impeached that the jury could not have considered the evidence fairly and impartially, and that their evidence is clearly against the weight of the evidence. If this question could properly be determined from the printed record alone such contention would have much force. We cannot, however, disregard the fixed and oft-repeated rule of law that the jury are the sole judges of the credibility of the witnesses and the weight to be given to their testimony, together with the fact that a jury has the advantage not enjoyed by courts of review, of seeing, and hearing the testimony of the witnesses. We recognize that where the court has erred in its rulings upon the evidence or instructions, or where it appears that the jury were probably influenced by prejudice, passion or sympathy, or that they have so palpably mistaken the application and effect of the evidence that their verdict can be said to be clearly contrary thereto, it is our privilege and duty to reverse a judgment based upon a verdict rendered under such circumstances.

There is nothing in the present record indicating that the jury were actuated by any improper influence or motive. The mere fact that appellant was, and appellee was not corroborated by other evidence, would not of itself warrant us in holding that the verdict was manifestly contrary to the evidence. Whether or not there was anything in the demeanor or manner of the witnesses while testifying which led the jury to credit appellee, and discredit appellant and Victor, we do not know and cannot ascertain. The further fact that the trial judge had the advantages enjoyed by the

jury, and that he approved the verdict, is entitled to, and it is our duty to give it much weight in this connection.

Our attention has been called to no error in the rulings of the court which we believe could have influenced the verdict. The contention that the court erred in refusing to permit Victor to answer the questions: "Who was the agent of Mr. Kuhn that sold you the land?" and "Had Williams, or anything he said to you, any influence on your closing up this sale of 320 acres?" is without force. Appellee's contract was to furnish customers for appellant's lands. If he furnished the prospective buyer for any of appellant's lands, by bringing him to the notice of appellant, whereby a sale of any of the land was effected, he fully performed his contract, and it was not necessary to entitle him to commissions, that he should have closed the deal or have been otherwise the procuring cause of the sale, as would have been the case had the contract been between a real estate broker and the seller of land. The conversation between Enoch and appellant was clearly competent as tending to show an admission of liability by appellant. Admissions of independent facts, though made in the course of negotiations of compromise, are not within the rule rendering an unaccepted offer to compromise, incompetent as against public policy. Thom v. Hess, 51 App., 274. Other complaints are made as to the rulings of the court upon the evidence, all of which we have considered and believe to be unwarranted.

It is further contended that a new trial should have been granted because of newly discovered evidence, consisting of a check for $70 dated March 29, 1902, payable to the order of and endorsed by appellee; also a receipt of the same date signed by appellee, which recites that he had received of appellant "$70 in full on commissions." The evidence referred to we regard as merely cumulative and not conclusive. The receipt and check in question may well have referred to commissions due appellee upon other sales. The court therefore did not err in refusing to grant a new trial because of such newly discovered evidence. Heldmaier v. Taman, 188 Ill., 283.

We think the given instructions as a series fairly state the law applicable to the facts involved and that defendant's third instruction was properly modified, and his fourth properly refused, as inconsistent with the views herein expressed.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*