John Domm, Plaintiff in Error, v. George Hollenbeck, Defendant in Error.

Gen. No. 5,003.

1. ANIMALS—*what essential to fasten liability for injuries received from.* In order to recover for injuries received from an alleged vicious animal, it must appear that the defendant knew that such animal had attacked or had bitten mankind, or else it must appear that the defendant had knowledge of the propensities of such animal in that respect.

2. EVIDENCE—*what statements during negotiations to compromise competent.* Independent admissions made during an effort to compromise may be given in evidence against the party making them; at least, unless they are expressly stated to be made in confidence or without prejudice.

3. EVIDENCE—*competency of attorneys to testify for clients.* While an attorney ought to withdraw from a case before he becomes a witness for his client, yet if he does not do so his testimony is nevertheless competent and the fact that he is attorney of record for the party who calls him only affects his credibility.

Trespass on the case. Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this

court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

LEE O'NEIL BROWNE, for plaintiff in error.

JAMES J. CONWAY, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

While John Domm was playing billiards in a saloon in Seneca, La Salle county, he was bitten by a dog. He brought this suit against George Hollenbeck, charging in his declaration that the defendant was the owner and keeper of the dog, and, in the first count, that defendant well knew that the dog was accustomed to attack and bite mankind; in the second count, that the dog was of a ferocious disposition, and liable by reason thereof to attack and bite mankind, and that defendant well knew this, or by the use of ordinary care ought to have known the disposition of the dog, and his liability to attack and bite mankind; and in the third count, that defendant well knew that the dog was of a ferocious disposition and liable to attack and bite mankind. The other allegations were the customary averments in such a declaration. Defendant pleaded not guilty. Upon a jury trial, at the close of plaintiff's evidence, the court directed a verdict for defendant. Such a verdict was returned, a motion by plaintiff for a new trial was denied, and defendant had judgment, to review which the plaintiff prosecutes this writ of error.

The biting and the injury, and that defendant had said that this was his dog, and that the dog had but recently been brought to Seneca by defendant, were sufficiently proven. There was some proof that the appearance of the dog indicated a ferocious disposition, though it is doubtful if the face of a dog is necessarily an index to his disposition. There was no proof that he had ever attacked or bitten mankind, or that defendant had any knowledge of any such propensities

on his part, except the proof sought to be established by the testimony of L. O. Browne and H. C. Wiley, attorneys for plaintiff. The material question is whether the court properly excluded the evidence of Browne upon this subject, and properly refused to admit the offered testimony of Wiley.

The attorney for defendant, in opening the case to the jury, very improperly stated that plaintiff's attorneys had offered to settle the case for a certain small sum. The court properly sustained an objection to that statement. Browne, one of plaintiff's attorneys, not satisfied with the ruling of the court in plaintiff's favor on that subject, or fearing that the effect of the statement would not be overcome by the ruling, took the stand after plaintiff's other proof was in, to testify to the facts concerning the alleged offer to settle and to show that the sum for which he offered to settle was very much in excess of that named by defendant's attorney. In the course of that testimony, Browne began to narrate what defendant had stated to him concerning the manner in which he had disposed of the dog before this injury. To this defendant's counsel objected on the ground that Browne was an attorney in the case, and not a competent witness. This objection was sustained, and plaintiff excepted. Wiley then withdrew his appearance for plaintiff, and was sworn as a witness, and, objection being made to his testimony, the jury was withdrawn, and Browne then offered to prove for plaintiff by Wiley that in the conversation between themselves and defendant, to which reference had already been made, defendant said that he ought not to be held to be to blame in this matter for the reason that when he brought the dog to Seneca he put him in the hands of a friend to be tied up and kept in a butcher shop, and expected that it would be done, and that the dog would not be permitted to run at large, and that his object in doing this was so that

the dog would not hurt anybody. The court sustained an objection to this offer of proof. The court also excluded the testimony given by Browne. Plaintiff excepted to each of these adverse rulings. These rulings appear to rest upon two propositions: First, as to Browne, that as he was an attorney in the case, he was not a competent witness for his client; and second, as to both Browne and Wiley, that this testimony was incompetent because the proof showed that defendant had gone to the office of Browne and Wiley for the purpose of seeing if a settlement could be effected, and this was said during the conversation concerning a settlement.

In 1 Greenleaf on Evidence, section 192, the rule is announced that though offers and propositions of settlement cannot be given in evidence, for the reason that a man must be permitted to offer to buy his peace without prejudice, yet independent admissions made during an effort to compromise may be given in evidence against the party making them; at least, unless they are expressly stated to be made in confidence or without prejudice. Authorities to that effect are cited in a note to that section. To the like effect are Miene v. People, 37 Ill. App. 589; Thom v. Hess, 51 Ill. App. 274; Alminowicz v. People, 117 Ill. App. 415; Kuhn v. Williams, 124 Ill. App. 390. In Harrington v. Inhabitants of Lincoln, 70 Mass. 563, the plaintiff sought a settlement with the defendants, and the defendant told him they were willing to pay him for his loss of time and for his actual expenditures in consequence of the accident, and asked him what those items would actually amount to, and in answer to that question he gave the details, not as offers upon which he was willing to settle, but as his actual loss and expense. The trial court rejected proof of the offer to compromise, but admitted the statements of plaintiff as to his actual loss and expense. This was approved on appeal. The court said: "The presiding judge ruled that no offer of

settlement made by plaintiff in a conversation had with the agents of defendants, with a view to the adjustment of the controversy, was competent; but that statements of independent facts, made in the course of such conversation, might be admitted. The distinction is sound. The facts stated were capable of being proved by any competent evidence, including the admission of plaintiff. The amount of a doctor's bill, the cost of board during the sickness, the loss of time by absence from the service of his employer, were simple facts capable of exact certainty—facts the statement of which would not be modified by the occasion on which it was made, certainly not to the prejudice of the party making it." This does not conflict with what we held in Gehm v. People, 87 Ill. App. 158, for we pointed out in that case that the proof there held to be improperly admitted was merely of an offer to compromise and not of any independent fact. The objection that the foregoing statements by defendant as to what he did with the dog, and the reason why, were made in the same conversation in which there was an effort to compromise, was therefore not valid.

In Wilkinson v. People, 226 Ill. 135, the act of an attorney in testifying for his client was held to be unprofessional, and to be likely to impair the value of his testimony, and to deserve severe censure, but that such course might not have worked a reversal if the record had been otherwise free from error. In this case other decisions in this state were quoted from and the rule in England and in other states of the Union was given, all hostile to such testimony. In Bishop v. Hilliard, 227 Ill. 382, it was held that when an attorney discovered that it was necessary for him to give material testimony in behalf of his client, he should have ceased to appear as an attorney, but that his failure to do so could only go to the weight of his testimony. In Onstott v. Edel, 232 Ill. 201, a

solicitor for the defendant withdrew from the case the day before he testified for the defendant. It was held that this course would not subject him to proper criticism if the necessity for his testifying had resulted from some unforeseen emergency of the trial, and that when he examined the bill of complaint he must have seen that his testimony would be material, and he should have immediately conferred with his associate and his client, and should then have determined whether he would be a witness or not, and if he was to testify he should at once have entirely severed his connection with the litigation, and if it was decided that he should not testify his clients should have abided by that decision, unless some later emergency made it important for their interests that he should testify. It was held that the witness delayed too long his withdrawal from the case, but that probably the chancellor considered all the circumstances in deciding what weight to give his testimony. In McConnell v. Brown, 232 Ill. 336, where a solicitor had testified for his client in a chancery case, the court plainly intimated that this was improper, but held that the testimony he gave was not of controlling importance. This was the condition of recent judicial decisions upon this subject in this state when this case was tried in the court below. So far as we can see from this record, it must have appeared to the trial court that the attorneys for plaintiff knew that upon certain material questions they had not sufficient testimony to warrant a verdict for plaintiff except by resort to proof of what defendant had said to them, and that if they intended to testify for plaintiff it was their professional duty to have withdrawn entirely from the litigation before the trial began. The formal withdrawal of Wiley just before taking the stand at the close of plaintiff's proofs was not sufficient to relieve him of the strictures contained in the foregoing decisions. While some of these decisions implied that

the testimony was nevertheless competent, others suggested that its admission might be reversible error. If these were the final decisions of our Supreme Court upon the subject, it would be a serious question whether the ruling of the trial court, rejecting the testimony of these attorneys, should be disturbed. But in Glanz v. Ziabek, 233 Ill. 22, decided since the judgment in the case before us was rendered, it is distinctly held that while an attorney ought to withdraw from the case before he becomes a witness for his client, yet if he does not do so his testimony is nevertheless competent, and the fact that he is an attorney of record for the party who calls him only affects his credibility. Under this decision we must hold that Browne and Wiley were competent witnesses to testify for plaintiff, and that the court erred in excluding the evidence of Browne as to the facts defendant told him about the dog, and in refusing to permit the proof offered to be given by Wiley. Whether such proof would support a verdict founded upon it might depend upon what contrary proof, if any, the defendant introduced.

It is, however, argued that the offered testimony was not sufficient to show that the dog was liable to attack and bite mankind, nor that defendant knew that fact, and therefore, even if the rejected evidence had been admitted, a case for plaintiff would not have been made, so that the rejection of the evidence was not reversible error, and it was proper to instruct the jury to find for defendant. The language which it was proposed to prove that defendant used was evidently capable of two constructions. It might be construed to justify the inference that defendant placed the dog in the hands of a friend and directed him to be tied up, and expected that he would be kept tied up, and would not be permitted to run at large, because defendant knew that the dog would be liable to hurt somebody if he was permitted to run at large.

On the other hand, it may be that the true interpretation of this language is that defendant was ignorant of the character of the dog, and for fear that the dog might have some vicious habits not known to him, he caused the dog to be tied up, by way of precaution and so that, if he was in any way vicious, he would be unable to hurt anyone. If the former was his meaning, then it strongly tended to supply the missing links in the proofs required to establish plaintiff's case. If the latter was the meaning of defendant, then plaintiff's proof would still have been insufficient. Our conclusion is that the trial court was not at liberty to determine what meaning should be attributed to the language which it was sought to prove that defendant used, but that the jury should have been left to determine what defendant said and what he meant, in view of all the testimony in the case, and therefore that it was reversible error to refuse to permit the introduction of this testimony.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*