### H. M. Barnett, Appellee, v. J. L. Noble, Appellant.

1. TRIAL—*what erroneous as calculated to create sympathy.* It is error for the court, over objection, to permit the plaintiff suing for personal injuries, to be attended in court, during the trial, by his wife and four small children.

2. EVIDENCE—*when letters incompetent.* Letters written in connection with a proposition of compromise which contain self-serving statements are incompetent for the party making them.

3. ACCORD AND SATISFACTION—*what does not vitiate.* A compromise settlement or accord and satisfaction does not cease to be effective as such merely because a party making the same does not understand the effect thereof provided there is no issue of fraud.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

WELTY, STERLING & WHITMORE, for appellant.

A. E. DeMANGE, FRANK GILLESPIE and R. C. DeMANGE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee was employed by appellant as a farm hand. On the morning of the injury complained of they went to a gravel pit upon the farm of appellant for the purpose of gathering up some old boards and lumber. Appellee was upon the wagon driving, appellant collecting the old boards and posts, putting them upon the wagon; while doing this a board was picked up, which had a large spike at one end which bent out over the end of the board; this was thrown upon the wagon by appellant with sufficient force that the spike penetrated the calf of appellee's leg.

Appellee with appellant went to the house of appellant where appellant undertook to dress the wound by injecting therein turpentine and crude oil by use of a syringe.

The injury became so painful that appellee was compelled to go to a physician who treated the wound. The wound became infected and resulted in a very serious injury to appellee. To recover for this injury this action is brought and in the court below judgment was rendered against appellant for $2,000.

The declaration charged negligence in appellant in throwing the board upon the wagon in the manner in which it was thrown, and with such force as to cause the spike to penetrate the leg of appellee and with negligence in undertaking to treat this injury by injecting turpentine and crude oil therein, in the manner in which it was done, and that by reason of the injury and the treatment given it by appellant, the limb of appellee became infected, caused numerous sores upon the limb and permanent injury to the ankle joint.

The grounds urged by appellant for the reversal of this judgment are that he was not guilty of negligence; that a settlement was entered into and agreed upon between appellant and appellee and that the settlement was a complete extinguishment of the right of action for the injury; also that the wife and four small children of appellee were permitted to sit by appellee throughout the trial of this cause thereby creating sympathy for appellee with the jury. Further, that the court improperly admitted in evidence on the trial, letters and papers written to appellant by appellee's attorneys, relative to a settlement of the cause.

Upon the first question as to whether or not there was any negligence upon the part of appellant in throwing the board upon the wagon in the manner in which the evidence discloses it was thrown, and whether there was negligence on the part of appellant in attempting to treat the wound by injecting therein turpentine and crude oil, and the result of such treatment, were questions of fact for the determination of the jury and these questions were properly submitted to the jury as questions of fact by the trial court.

The question as to whether a settlement had been

effected between appellant and appellee prior to the time of the commencement of the suit by appellee was also a question of fact for the determination of the jury from all the evidence in the case and this question was properly submitted to the jury.

Upon the question of the refusal of the trial court to exclude from the court room the wife and four children who were permitted to remain with appellee throughout the trial, motion was made by appellant to exclude them, this motion was overruled by the court, and they were permitted to remain, and thereby appellee was permitted to present to the jury in this method the fact that he had a wife and four children dependent upon him, the evidence disclosing that he was a laboring man earning a dollar and a half to two dollars per day. Had his wife and children been absent from the court room during the trial, under the authority of Jones & Adams Co. v. George, 227 Ill. 70, it would have been error for the trial court to have admitted evidence that he had a wife and four small children; and the effect of permitting the wife and children to remain with appellee during the trial was only a means of getting this evidence to the jury. The only manner it could be objected to by appellant was by a motion to exclude them from the court room, and in refusing to grant this motion, the trial court was in error. The law does not permit a person to do indirectly what he cannot do directly.

The letters and papers which it is complained of as having been admitted by the court were letters written by attorneys for appellee in their office and directed to appellant, requesting him to make some proposition in regard to the disposition and settlement of the rights of the parties; and referring to a proposition alleged to have been made by appellant concerning a settlement; these letters and papers having been written by appellee's counsel were self-serving and the fact that appellee served notice upon appellant to produce the original at the trial and a failure to do so,

could not in any manner make the originals competent evidence; and had the originals been presented, it would have been error to have admitted them; consequently the copies retained by appellee were not competent evidence and were improperly admitted. Their effect could not have been otherwise than prejudicial to appellant.

The first instruction complained of by appellant as given on behalf of appellee is as follows:

"If you believe from the evidence that plaintiff, after his injury, was paid by the defendant for a time the same amount of money that he had been receiving from the defendant before his injury, as wages for his labor, and that the defendant offered to pay him that amount until he should be able to work, and that the plaintiff in accepting the same did not agree or *understand* it to be in settlement of any claim he might have against the defendant for damages on account of his injury, and did not agree thereby to release such claim, if any he had, then the acceptance of the money from the defendant did not operate to release whatever claim, if any, the law gave the plaintiff against the defendant for damages on account of his injury."

The evidentiary facts relating to the alleged settlement having been submitted to the jury, the jury should not have been instructed that if the plaintiff in accepting any payments thereunder did not agree *or understand* it to be a settlement of any claim he might have against the defendant and did not release such claim, then that the acceptance of the money did not operate to release the claim. It was error to give this instruction to the jury. If, in fact, a settlement had been perfected and acted upon, appellee could not have been permitted to say that he did not *understand* it as such, unless it was effected through fraud, and there was no such contention made in the trial of this cause.

The next instructions seriously complained of in the argument by appellant are the fifth and sixth instructions given on behalf of appellee. We do not find that these instructions are subject to the criticism made

against them and there was no serious error in the trial court giving them to the jury.

There was no error in refusing to give appellant's second refused instruction. It is not a correct statement of the law.

We find no serious error in the other instructions given and refused by the trial court.

For the above errors committed by the trial court its judgment must be reversed and the cause remanded.

*Reversed and remanded.*