## A. Milhim, Appellee, v. Hawkeye Ins. Co., Appellant.

1. JUDGMENTS—*for a definite amount.* In an action upon a fire insurance policy a judgment for "$1,000 with five per cent. interest commencing sixty days after the delivery of said proof of loss to defendant," etc., is void as not being for a definite amount that can be ascertained from the judgment alone.

2. INSURANCE—*burden to show insured caused fire.* Where the defense to an action on a fire insurance policy is that the insured caused the fire, an instruction, at the request of the plaintiff, that the burden was upon the defendant to prove beyond a reasonable doubt that the plaintiff knowingly, directly or indirectly, caused the fire, before it could establish such defense, is misleading.

3. INSURANCE—*burden to show plaintiff was not the owner of goods.* In an action upon a fire insurance policy requiring the insured to be the owner of the goods, an instruction that the burden is upon the company to establish its defense, that the insured was not the sole owner of the stock of goods insured, is correct.

4. INSURANCE—*effect of proof of insurable interest in goods.* Where a fire insurance policy requires the insured to make true statements as to his ownership of the goods, if the insured, who bought goods partly on credit, shows that he had an insurable interest to the amount of the policy, he makes a *prima facie* case, and it then devolves upon the company, in order to render the policy void, to show that the interest of the insured was other than unconditional and sole ownership.

5. INSURANCE—*necessity that instruction negative defense of fraud.* Where a fire insurance policy provides that it shall be void if the insured makes certain false statements or is guilty of fraud, an instruction for the plaintiff, which directs a verdict, is improper in not negativing a defense that he made false and fraudulent statements, in his proof of loss, and in examination thereafter, as to the amount and value of the goods insured, the ownership thereof, the extent of loss and the origin of the fire.

6. INSURANCE—*evidence.* A letter to fire insurance adjuster, in reply to one written to the insured, consisting largely of self serving declarations is inadmissible in an action on a policy of insurance.

7. INSURANCE—*cross-examination to show conspiracy to cause loss.* On a defense to an action on a fire insurance policy that the fire was procured by the insured and that he had conspired with others to procure insurance upon stocks of goods in order to have them destroyed by fire, it is error to refuse to permit a cross-examination that will develop the alleged fact that a conspiracy existed.

8. INSURANCE—*offer of compromise is not admissible.* In an action upon a fire insurance policy any evidence, the effect of which is to show the admission of liability by offers of compromise, is incompetent.

9. INSURANCE—*effect of affidavit of merits stating fraud by insured.* Where a fire insurance company files a plea of the general issue and an affidavit of merits stating the plaintiff made certain fraudulent practices, it is entitled to show that the goods were destroyed by fire through connivance and that the goods were fraudulently overvalued.

Action on a policy of insurance. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed April 11, 1912.

CHARLES B. OBERMEYER, JAMES S. EWING and WIGHT & ALEXANDER, for appellant.

DEMANGE, GILLESPIE & DEMANGE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action upon an insurance policy issued by the defendant to the plaintiff upon a stock of mer-

chandise located in a store-room in Bloomington, Illinois, and consisting of dry goods, notions, ladies' furnishing goods, and other articles. The jury returned a verdict in favor of the plaintiff for $1,000, the face of the policy. Upon such verdict the court rendered judgment against the defendant for "$1,000 with five per cent. interest commencing sixty days after the delivery of said proof of loss to defendant in form as aforesaid by the jury assessed, together with his costs and charges," etc.

The declaration sets out the policy in *haec verba,* and then alleges that the plaintiff had an interest in said property to the extent of $1,000; that said property was, on October 4, 1910, destroyed by fire, resulting in a loss to the plaintiff of $1,000; that the plaintiff had complied with all conditions required by the policy to be by him performed, and that the defendant had refused to pay the said loss. The defendant filed a plea of general issue and an affidavit of merits, setting up that it expected to prove in defense of the plaintiff's demand that the plaintiff made false representations as to the amount and value of the property insured for the purpose of procuring said policy, and, after the fire made false representations to the defendant in his proof of loss and examination; that he falsely represented that he was the sole owner of such property; that the fire which caused the loss was occasioned by the act or procurement of the plaintiff; that he had conspired with various other persons to procure insurance upon stocks of goods in various cities, for the purpose of having the same destroyed by fire, in order to obtain the insurance thereon, and that the fire alleged in the declaration was set in furtherance of such conspiracy, and that the plaintiff had not performed the conditions precedent prescribed by the said policy, nor complied with the warranties therein.

The policy contains the following provisions: "This

entire policy shall be void if the insured has concealed or misrepresents, in writing or otherwise, any material fact or circumstances concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss. This entire policy, unless otherwise provided by agreement hereon, or added hereto, shall be void if· * * * the interest of the insured be other than unconditional and sole ownership.''

The evidence introduced by the plaintiff tended to establish each of the material allegations of the declaration. It appears therefrom that about August 20, 1910, the plaintiff, a Syrian, then about 26 years of age, opened a store in Bloomington. His stock consisted of fancy work, drawn work, oriental laces, silver laces, kimonas, underwear, overalls, etc.; that the cost of said stock was about $19,000, of which he paid $12,000 in cash, and obtained credit for the balance; that he obtained insurance thereon to the extent of $13,000, including the policy here involved; that on October 4, 1910, during the absence of the plaintiff from the city, a part of said stock was destroyed by fire, resulting in a total net loss to the plaintiff of $15,098.27. The evidence adduced by the defendant tended to establish the defenses suggested by the affidavit of merits, particularly that the fire was the consummation of a conspiracy as charged. As the judgment appealed from must be reversed and the cause remanded, for the reasons hereinafter stated, we shall not detail or further discuss the evidence, or determine the probative force or effect of the same, but shall only consider briefly the more important of the questions of law presented by the numerous errors and cross-errors assigned.

We are of opinion that the contention that the judg-

ment rendered is void, is well founded. A judgment must be for a definite amount, and such amount must be ascertainable from the judgment alone. It is obvious that the clerk could not determine from the present judgment for what amount to issue an execution, nor could the sheriff determine from the execution, in the event that it followed the judgment in form, as it should, for what amount to make demand or levy. (Dickinson v. Rahn, 98 Ill. App. 245, and cases there cited.)

The second instruction given at the request of the plaintiff told the jury that the burden was upon the defendant to prove beyond a reasonable doubt that the plaintiff knowingly, directly or indirectly, caused the fire in question, before it could establish such defense. Such instruction was misleading. If the defendant proved beyond a reasonable doubt that the plaintiff aided, assisted in, advised or abetted the setting of the fire, or that the same was set in pursuance of a conspiracy to set the same, to which the plaintiff was a party, the defense sought to be interposed would be thereby established.

The court correctly instructed the jury that the burden was upon the defendant to establish its defense that the plaintiff was not the sole owner of the stock of goods insured. By showing that he had an insurable interest in the stock to the amount of the policy, the plaintiff made a *prima facie* case. It then devolved upon the defendant, in order to render the policy void under the provisions invoked, to show that the interest of the insured was other than unconditional and sole ownership.

The fifth instruction given for the plaintiff, which directed a verdict, should have negatived the alleged defense that the plaintiff made false and fraudulent statements in his proofs of loss and in his examination thereafter, as to the amount and value of the goods insured, the ownership thereof, the extent of the loss, and the origin of the fire.

The court erred in admitting in evidence Exhibit "G," being the letter dated November 28, 1910, from the attorneys of the plaintiff to the adjuster Stratton, in reply to one written by him to the plaintiff. It was incompetent for any purpose, consisting largely in self-serving declarations and other matter clearly prejudicial to the defendant. (Barnett v. Noble, 155 Ill. App. 129.)

The court further erred in refusing to permit the defendant to develop by the testimony of the witness Bahout, and by cross-examination of the plaintiff and Charles Solomon, alleged facts which tended to establish the charge that a conspiracy existed as heretofore stated. (Roscoe Crim Ev., Sections 92-3; Wharton Crim. Ev., Section 32; Ochs v. People, 124 Ill. 421; Archbold's Cr. Pl. & Pr., 619.) Any and all evidence which to the slightest degree tended to prove a conspiracy as charged was competent and should have been admitted.

Any evidence, the purpose and effect of which was to show the admission of liability by offers of compromise, was clearly incompetent. (Rockafellow v. Newcomb, 57 Ill. 186; Paulin v. Howser, 63 Ill. 312; Barker v. Bushnell, 75 Ill. 220; Village v. Hayes, 150 Ill. 273.)

Under the general issue and affidavit of merits the defendant was entitled to show, if it could, that the goods were destroyed by fire through connivance of the plaintiff and to show further that the goods were fraudulently over-valued by the plaintiff.

We are of opinion that none of the cross errors are well assigned.

For the reasons indicated, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*