DAVID MERRITT, plaintiff in error, *vs.* STEPHEN MERRITT, defendant in error.

*Error to Bureau.*

A general submission to arbitrators of all demands existing between the parties, includes every thing respecting the lands of both parties, which is the subject of variance.

On a submission of all matters in difference, the arbitrators may consider and determine all questions affecting the civil rights of the parties.

In the construction of an award, no intendment will be indulged to overturn it; on the contrary, every reasonable intendment will be allowed, for the purpose of sustaining it.

An erroneous decision by arbitrators will not vitiate their award. If the arbitrators have acted in good faith, the award is conclusive upon the parties, and cannot be avoided by showing that they erred in judgment respecting the law or the facts of the case; in the absence of fraud, misconduct or partiality, the award will be conclusive.

If an award creates a new obligation, the party must pursue his remedy upon it; he cannot resort to his original cause of action.

This was a proceeding in chancery, commenced by the plaintiff in error, in the Bureau Circuit Court. The cause was submitted to Caton, Justice, at the May term, 1849, upon bill, answer and depositions; whereupon, the bill was dismissed. The complainant below sued out this writ of error. All the facts necessary to a full understanding of the case, are presented in the opinion.

O. PETERS, for plaintiff in error.

T. L. DICKEY and A. HOES, for defendant in error.

Opinion by TREAT, C. J.:

This was a bill in chancery, filed on the 23d of April, 1844, by Daniel Merritt against Stephen Merritt, to foreclose a mortgage. The answer set up in bar of a foreclosure, a submission to arbitration of all matters in difference between the parties,

an award made in pursuance thereof, and an offer by the defendant to perform the conditions of the award. The complainant thereupon filed an amended bill, in which he set forth in detail various other demands against the defendant, and alleged that there was a large amount due, over and above all demands the defendant might have against him; and admitted the submission and award as stated in the answer, but charged that the arbitrators were either guilty of gross mistakes, or of fraud and corruption, and prayed that the award might be set aside. The answer denied all mistakes and misconduct on the part of the arbitrators. The cause proceeded to a hearing, on the pleadings and proofs, and resulted in a decree dismissing the bill; to reverse which the complainant prosecutes a writ of error.

The submission, bearing date the 16th of April, 1844, referred to Burton Ayres, Dixwell Lathrop, and Henry Headly, "for their award and determination, all manner of action, causes and causes of actions, bills, bonds, specialties, judgments, executions, quarrels, controversies, damages and demands whatsoever, both in law and equity, before this time had, made, brought, commenced, sued, prosecuted, done, suffered, committed or depending, by and between the said Daniel Merritt and Stephen Merritt." Bonds to abide by and perform the award were mutually executed by the parties.

The award, dated on the 17th of April, 1844, after reciting the terms of the submission, and stating a full hearing of the proofs and allegations of the parties, proceeded to declare, *first*, that Stephen Merritt should, by the first day of May, 1844, execute to Daniel Merritt a good and sufficient warrantee deed to certain tracts of land; *second*, that he should pay to Daniel Merritt $200—one-eighth thereof on the first of Mary, 1844, three-eighths on the first of November following, and the residue on the first of May, 1845; *third*, that Daniel Merrit should, by the first of May, 1844, surrender up to Stephen Merritt " all bonds, mortgages, notes and obligations of whatsoever kind or nature now held by the said Daniel Merritt against the said Stephen Merritt;" and, *fourth*, that the parties should, by the first of May, 1844, execute " mutual and general releases of all actions, causes and causes of action, suits, controversies, trespasses, debts, duties, damages, accounts, reckonings and demands whatsoever."

The terms of the submission were broad and comprehensive, and fully authorized the arbitrators to settle and adjust all matters in difference between the parties, whether of a legal or equitable nature, and whether relating to personalty or realty. A general submission of all demands existing between the parties, includes every thing respecting the lands of both parties, which is the subject of variance. Kyd on Awards, 145; Billing on Awards, 17. On a submission of all matters in difference, the arbitrators may consider and determine all questions affecting the civil rights of the parties. Russel's Arbitrator, 118.

The award seems to pursue the submission, and to be a full and complete adjustment of all the transactions between the parties. It finds an indebtedness in favor of the complainant, for the satisfaction of which the defendant is required to convey to him, in fee, certain lands, that were either embraced by the mortgage or connected with the matters in controversy, and pay a specified sum in money. The complainant is required to surrender up all evidences of indebtedness which he holds against the defendant; and for the purpose of showing a full settlement of all transactions previously existing between the parties, general releases are to be mutually executed. It is a well established rule, in the construction of awards, that no intendment will be indulged to overturn an award; but, on the contrary, every reasonable intendment will be allowed to uphold it. Karthaus *vs.* Ferrer, 1 Peters, 222; Butler *vs.* The Mayor, 1 Hill, 489; Joy *vs.* Simpson, 2 New Hampshire, 179; Gerrish *vs.* Ayres, 3 Scammon, 245. The fact that arbitrators have made an erroneous decision will not vitiate their award. If they have acted in good faith, the award is conclusive upon the parties; and neither party is permitted to avoid it, by showing that the arbitrators erred in their judgment, either respecting the law or the facts of the case. Mitchell *vs.* Bush, 7 Cowen, 185; Winship *vs.* Jewett, 1 Barbour's C. R., 173.

The award must stand, unless there is something in the evidence calculated to impeach it. The depositions of the arbitrators and others were taken. The proof does not furnish the slightest evidence of misconduct or partiality on the part of the arbitrators. It is not shown that they committed any errors or mistakes in matters of fact or computation. On the contrary, they appear to have given the parties a patient and attentive

hearing, and made up their award, upon a full understanding of the various and complicated transactions of the parties, on what they conceived to be the principles of equity and justice. All the matters in difference were investigated and considered in making up the award. Whether their decision was correct or erroneous, is not the proper subject of inquiry. The parties selected their own tribunal, for the adjustment of all their transactions, and, in the absence of all fraud, misconduct and partiality, they must abide by its decision.

The complainant objects to the award, because the defendant cannot make a good title to some fourteen acres of the land required to be conveyed. The amended bill charges, that before the award was made, the defendant sold this land to one Holley, and gave him a bond for a conveyance, which was recorded. The answer admits the execution of the bond, but alleges that the sale was made by both parties, and each bound himself to convey the land to Holley, who made full payment of the purchase money to the complainant. The case shows that the land was included in the mortgage to the complainant, and was sold to Holley by the consent of both parties—the complainant receiving the purchase money, and binding himself to make a quit-claim deed to Holley ; and the defendant executing a bond for the conveyance of the land to Holley. Whatever interest, therefore, the parties may have in the land is to go to Holley. It is a matter of perfect indifference to the complainant, whether he receives a good title to this land by the conveyance or not. He can realize no benefit from the land. If he acquires any title by the conveyance, he will hold it in trust for Holley. If he has already made a conveyance, any title that he may obtain from the defendant will inure to the benefit of Holley. He performs the condition of his bond, by the execution of a quit-claim deed to Holley. He cannot be made liable, if Holley fails to procure a good title. Besides, the proof shows that this matter was correctly understood by the arbitrators, and taken into consideration by them in making the award. The complainant was not charged with the value of this parcel of the land.

The defendant, on the first of May, 1844, tendered the complainant a warranty deed for the premises described in the award, a general release, and the amount of money required to be paid on that day. It is insisted, that he cannot set up the

award as a defence, because he has not fully performed, nor offered to perform, all of the conditions of the award. This position is not tenable. The law is well settled, where an award creates a new obligation, in place of the one which was in controversy, that the party must pursue his remedy on the award, and cannot resort to his original cause of action, for the award is a good bar to such action. A valid award has all the force of an adjudication, and precludes the parties from again litigating the same matters. Armstrong *vs.* Masten, 11 Johnston, 189; Gerrish *vs.* Ayers, 3 Scammon, 245; Kyd on Awards, 392.

The award is final and conclusive upon the parties, and the decree of the Circuit Court must be affirmed, with costs.

*Decree affirmed.*