EDWARD W. BARKER *et al.*

*v.*

HENRY L. BUSHNELL *et al.*

1. SALE — *evidence of, so as to pass title, without delivery.* On the trial of an action of replevin for a lot of corn, the plaintiff introduced in evidence a receipted bill, showing that he had bought of defendant 4,000 bushels of corn at thirty cents per bushel, then in defendant's warehouse and cribs, and

proved that defendant on the same day issued his certificate to the effect that he held in store in warehouse and cribs 4,000 bushels of corn belonging to plaintiff, which he agreed to deliver free on board the cars at option of plaintiff, between the 15th of May and July 1, charges paid to July 1, and storage thereafter not to exceed one cent per bushel per month : *Held*, that the evidence showed *prima facie* the purchase of the corn and that the defendant was a mere bailee, without reward, until July 1.

2. EVIDENCE — *offer to settle.* An offer to settle on certain terms, if not accepted by the other party, is of no binding force, and is not admissible in evidence to affect the merits of the claim of the party making the offer.

3. Propositions to settle matters in dispute, made before the execution of a written contract, by the party to whom they are made, are not admissible in evidence, as all previous negotiations would be merged in the agreement afterward executed.

4. CONTRACT — *seller not bound to deliver before day named.* When the seller agrees to deliver corn sold by him, on the cars, free of charge for handling, at the option of the buyer, between May 15 and July 1 of the same year, the former will· be liable to be called on at any time after May 15, but he will not be liable before that day.

APPEAL from the Circuit Court of Iroquois county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

This was an action of replevin, brought by Edward W. Barker and Charles D. Fisher against Henry L. Bushnell and Charles C. Bushnell, for a lot of corn claimed to have been bought by the plaintiffs of the defendants. The opinion states the material facts. Judgment was rendered for the defendants, and the plaintiffs appealed.

Messrs. BLADES & KAY, for the appellants.

Mr. OMAR BUSHNELL, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was commenced in replevin, to recover possession of 3,200 bushels of corn, but not being able to obtain all the corn on the writ, a count was added in trover.

On the trial plaintiffs introduced a receipted bill, dated April 21, 1873, which shows plaintiffs, on that day, bought of defendants 4,000 bushels of corn, at thirty cents per bushel, total value $1,200, then in the warehouse and cribs of defendants at Gilman, payment acknowledged. · On the same day defendants issued their certificate to the effect they held in store, in warehouse and cribs, 4,000 bushels of corn belonging to plaintiffs, which they promised to deliver, free, on board the cars, at option of plaintiffs, between the 15th of May and the 1st of July, charges paid to the 1st of July, and storage thereafter not to exceed one cent per bushel per month.

This evidence shows *prima facie* the purchase of the corn, and that defendants were mere bailees, without reward, until the 1st of July. A portion of the corn was delivered on the cars, and shipped to plaintiffs at Baltimore. Demand was made for the remainder after the 15th of May, and on refusal to deliver, this suit was brought.

The burden of proof rested on defendants to impeach the fairness of the transaction. This has not been done by any legitimate evidence in the case. The testimony offered for that purpose, viz.: the alleged propositions made by one of the plaintiffs, to settle the matter for much less than the value of the corn in controversy, was clearly inadmissible. There is some uncertainty whether the propositions were made before or after the 21st day of April, the date of the certificates. If made before, the presumption is, all previous negotiations were merged in the written agreement afterward executed; but if made afterward they are at most but propositions looking to the final closing up of the matter, and if not accepted would be of no binding force whatever. In either view the testimony was inadmissible.

It was shown plaintiffs were commission merchants or warehousemen doing business in Baltimore; that they had bought and sold grain for defendants, and that, in course of business, defendants had become indebted to plaintiffs in a large sum of

money. To satisfy such indebtedness defendants sold to plaintiffs the corn in the certificate referred to, and also, on the same day, 2,500 bushels in addition, at thirty cents per bushel, total value $750, in their warehouse and cribs at Gilman, payment acknowledged, and in like manner to be by defendants delivered on the cars, at the option of plaintiffs, between 1st of June and 1st of July, charges paid to the 1st of July, and storage after that date not to exceed one cent per bushel per month. This evidence, to say the least of it, tended to prove a consideration for the sale of the corn to plaintiffs. The case ought, therefore, to be submitted to another jury without the objectionable evidence. It may have misled the jury. It certainly did not tend to prove, as counsel contended at the trial, no corn had been sold.

There does not seem to have been any dispute, the demand in this case was made after the 15th of May, and there was no necessity for the modification made by the court to plaintiffs' instructions. The agreement was, defendants were to deliver the corn on the cars, free of charges for handling, at the option of plaintiffs, between 15th of May and 1st of July. They were liable, therefore, to be called upon at any time after the 15th of May, and it was their duty, if liable at all, to make the delivery, but not before that date.

For the error of the court in admitting improper testimony the judgment will be reversed and the cause remanded.

*Judgment reversed.*