JOAN SAWICKI, Plaintiff-Appellee, *v.* HAE J. KIM, M.D., Defendant-Appellant.—(Sherman Hospital, Defendant.)

Second District    No. 82—295

Opinion filed January 27, 1983.

Edward R. Duncan, Jr., of O'Reilly & Cunningham, of Wheaton, for appellant.

Maureen P. McIntyre, of Henehan & McIntyre, of Cary, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Hae J. Kim, M.D., appeals from a judgment entered on a jury verdict against him and in favor of plaintiff, Joan Sawicki, in the amount of $18,000. Plaintiff's complaint alleged medical malpractice on the part of defendant, an anesthesiologist, and another defendant, Sherman Hospital. A directed verdict was entered for the hospital at the close of all the evidence, and the hospital is not a party to this appeal.

The issues raised by defendant for our review are whether the trial court committed error: (1) in denying a motion for mistrial following plaintiff's attorney's remarks in opening statement concerning an offer of compromise; (2) in making various rulings on evidentiary matters; (3) in refusing a defense instruction and in overruling a defense objection to one of plaintiff's instructions; and (4) in failing to order a new trial because of improper and prejudicial closing arguments by plaintiff's attorney. Defendant also requests we reverse without remand on the basis that the judgment is against the manifest weight of the evidence.

Only a brief review of the facts is necessary since we find prejudicial and reversible error was committed during plaintiff's opening statement. In plaintiff's second amended complaint, she alleged causes of action against defendant based on negligence, *res ipsa loquitur*, and lack of informed consent to the anesthesiological procedure. Plaintiff testified that she had a permanent four-tooth bridge in her mouth at the time she underwent surgery for a left breast biopsy; that prior to the operation no one discussed her teeth or dental work with her nor any risk to them; that after surgery she discovered her bridge was gone and her anchor teeth were broken; and that she was later required to obtain a new six-tooth permanent bridge.

Plaintiff's expert medical witness, Dr. Herman Libman, an anesthesiologist, testified: that he reviewed various hospital, medical and dental records, and depositions; that he was of the opinion that a deviation from the standard of care occurred because plaintiff was not properly informed of the risks to her dental work posed by general anesthesia; that he believed plaintiff's teeth were broken due to improper use of a laryngoscope; and that it was his opinion that the chance of healthy teeth breaking was extremely remote in the absence of negligence.

Defendant testified that prior to surgery he did not ask plaintiff whether she had a bridge or examine her mouth. A nurse, testifying for defendant, stated that defendant had asked plaintiff if she had dentures or caps and that plaintiff had said she did not. Defendant and his witnesses further testified: that plaintiff's anchor teeth were badly decayed; that defendant did not use a laryngoscope or endotracheal tube during the operation; that it was necessary to insert an oral airway made of semirigid plastic in administering the anesthesia; that after surgery defendant attempted to remove the airway, encountered difficulty in maintaining the oxygen flow, and therefore reinserted the airway; and that soon after this reinsertion he noticed that plaintiff's bridge and anchor teeth were broken and out of her mouth.

In her opening statement to the jury, plaintiff's attorney stated:

"Subsequent to Mrs. Sawicki being discharged from the hospital, Dr. Kim reduced her bill. In addition, Dr. Kim called her after Dr. Kim was advised that there was an attorney involved in this case, at which time he offered $100.00 to settle the matter, provided no lawyer would be involved.

This, I believe the evidence will show is tantamount to admission of liability.

At the close --."

Defendant's attorney interposed an objection indicating the statement was "argumentative." The trial judge's response was "[t]ell what the evidence will show." No further reference was made to this evidence before the jury during the remainder of the trial, nor was anything said to the jury about the trial court's later ruling on this matter. However, after opening statements had concluded and the jury had been discharged for the day, defendant moved for a mistrial arguing plaintiff's counsel's statement referred to an inadmissible offer of settlement and that the statement was highly prejudicial and would cause irreparable harm to defendant. Plaintiff argued that what she referred to in her opening statement occurred before suit was filed and therefore could not be construed as an offer of compromise. She has not pursued this argument on appeal. The trial court refused to grant a mistrial, stating "[w]e've told the jury that statements and remarks of counsel are not evidence. I can't say at this stage that it's prejudicial." At the end of the case, the jury was generally instructed that arguments, statements and remarks of counsel are not evidence and to disregard any such argument, statement or remark having no basis in the evidence.

■ The Illinois courts have consistently held that matters relating to offers of compromise and negotiations for settlement are ordinarily inadmissible. (*Bowman v. Illinois Central R.R. Co.* (1957), 11 Ill. 2d 186, 213, 142 N.E.2d 104; *Barker v. Bushnell* (1874), 75 Ill. 220, 222; *Smiley v. Manchester Insurance & Indemnity Co.* (1977), 49 Ill. App. 3d 675, 681, 364 N.E.2d 683, *aff'd* (1978), 71 Ill. 2d 306, 375 N.E.2d 118; *Lasswell v. Toledo, Peoria & Western R.R. Co.* (1976), 41 Ill. App. 3d 568, 574-75, 354 N.E.2d 25; *Fenberg v. Rosenthal* (1952), 348 Ill. App. 510, 514, 109 N.E.2d 402; *Hill v. Hiles* (1941), 309 Ill. App. 321, 331, 32 N.E.2d 933.) An exception to this well-established rule, not applicable here, is that admissions as to other facts made during settlement discussions may be admissible. (*Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 1099-1100, 410 N.E.2d 266.) The rationale for this rule is that public policy favors the settlement of claims

outside of court. (*Hill v. Hiles* (1941), 309 Ill. App. 321, 331, 32 N.E.2d 933.) In furtherance of the policy of encouraging assistance to an injured party, the Illinois General Assembly has specifically provided that evidence of the providing of, or the payment for medical services, or the offer to pay for or to provide such services is not admissible in evidence, as follows:

"The providing of, or payment for, medical, surgical, hospital, or rehabilitation services, facilities, or equipment by or on behalf of any person, or the offer to provide, or pay for, any one or more of the foregoing, shall not be construed as an admission of any liability by such person or persons. Testimony, writings, records, reports or information with respect to the foregoing shall not be admissible in evidence as an admission of any liability in any action of any kind in any court or before any commission, administrative agency, or other tribunal in this State, except at the instance of the person or persons so making any such provision, payment or offer." Ill. Rev. Stat. 1979, ch. 51, par. 61.

■ It has been held that a statement during final argument which implies an offer of compromise is improper and prejudicial. (*Lasswell v. Toledo, Peoria & Western R.R. Co.* (1976), 41 Ill. App. 3d 568, 574-75, 354 N.E.2d 25.) It is no less prejudicial to comment upon inadmissible evidence in an opening statement with apparent disregard for the subsequent inadmissibility than it is to offer incompetent evidence and then to comment on it to the jury after the court has ruled it inadmissible. (See *Gillson v. Gulf, Mobile & Ohio R.R. Co.* (1969), 42 Ill. 2d 193, 200, 246 N.E.2d 269.) Moreover, no statement should be made in counsel's opening statement to the jury which counsel does not intend to prove or cannot prove. (*Schwedler v. Galvan* (1977), 46 Ill. App. 3d 630, 640, 360 N.E.2d 1324.) Generally, in matters involving argument and statements of counsel, the question of the prejudicial effect of a remark during argument is within the discretion of the trial court and the exercise of that discretion should not be overturned unless a clear abuse of discretion appears. *Hooper v. Mizyad* (1981), 98 Ill. App. 3d 768, 774-75, 424 N.E.2d 851.

■ It is clearly evident that plaintiff's counsel's statements violated the well-established rule of inadmissibility of offers of settlement. Not only did counsel comment on defendant's offer to settle the matter for $100, but expressly stated that this offer "is tantamount to an admission of liability." Counsel's further comment that defendant "reduced her bill" also comes within the statutory prohibition against admission of evidence of payment for medical services. (See

Ill. Rev. Stat. 1979, ch. 51, par. 61.) Defendant promptly moved for a mistrial outside the presence of the jury and included the denial of the motion for mistrial in his post-trial motion. We conclude that the comments were prejudicial and that the trial court should have granted a mistrial at this early stage of the trial.

■ While plaintiff contends that the trial court admonished the jury before commencement of opening statements that the opening statements were not evidence and later instructed them generally to that effect, under the circumstances here we do not believe this can cure the obviously improper and prejudicial effect such comment may have upon a jury. These statements once lodged in the minds of the jury could not be erased by an instruction, and allowing the trial to continue permitted plaintiff to secure the benefit of this statement to the same extent as if she had introduced evidence to prove it. (*McCarthy v. Spring Valley Coal Co.* (1908), 232 Ill. 473, 479, 83 N.E. 957; *Schwedler v. Galvan* (1977), 46 Ill. App. 3d 630, 640, 360 N.E.2d 1324.) Even though there was no further mention of any offer of settlement at any later stage of the trial, the remarks of plaintiff's counsel of themselves are sufficiently prejudicial for us to reverse and to remand for a new trial because of the trial court's abuse of discretion in not granting a mistrial.

Alternatively, defendant maintains that the judgment entered on the jury verdict is against the manifest weight of the evidence and requires reversal without remand. Upon our review of the record, we conclude that the result reached below was one which is reasonable on the facts in evidence. It is the jury's function to determine the preponderance of the evidence, and we conclude that the verdict here is not against the manifest weight of the evidence. (See *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 423, 412 N.E.2d 447.) Therefore, we decline to reverse on this basis.

■ While defendant has raised on appeal other assertions of trial and instructional error, in view of our reversal and remandment on the ground above discussed we find it unnecessary to pass on the remaining alleged errors, with one exception, as either no error was committed or in all probability the question would not arise in the same context on a retrial. (See *United Nuclear Corp. v. Energy Conversion Devices, Inc.* (1982), 110 Ill. App. 3d 88, 111, 441 N.E.2d 1163.) However, we do hold that plaintiff's counsel's comment in final argument, "[w]here are the other eyewitnesses?" was improper since the evidence did not show the witnesses were within the control of the defendant. See *Wetherell v. Matson* (1977), 52 Ill. App. 3d 314, 319, 367 N.E.2d 472.

For the foregoing reasons, we reverse and remand for a new trial.

Reversed and remanded.

UNVERZAGT and HOPF, JJ., concur.