QUICK AND REILLY, INC., et al., Petitioners-Appellants, v. BETH BABICH ZIELINSKI, Respondent-Appellee.

First District (2nd Division) No. 1—98—3331

· Opinion filed June 22, 1999.—Rehearing denied July 21, 1999.

94

Keith Olin and Joseph J. Frank, both of Morgan, Lewis & Bockius, L.L.P., of Miami, Florida, for appellants.

James D. Adducci and Marshall L. Blankenship, both of Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C., of Chicago, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

On December 31, 1997, petitioners, Quick & Reilly, Inc., and John A. Masi, Sr., filed a "Petition in the Nature of a Motion and/or Application to Vacate Arbitration Award" with the circuit court of Cook County following the entering of an arbitration award in favor of respondent, Beth Babich Zielinski; petitioners challenged only the portion of the arbitration award that assessed attorney fees against them. On March 5, 1998, respondent filed a motion for summary judgment and confirmation of the arbitration award. On April 6, 1998, petitioners filed their cross-motion for summary judgment. Following a hearing on the matter, the circuit court entered an order granting respondent's motion for summary judgment, denying petitioners' motion for summary judgment, and confirming the arbitration award. Petitioners appeal, contending: (1) the arbitration panel exceeded its authority in awarding attorney fees; (2) the arbitration panel acted in manifest disregard of the law in awarding attorney fees; and (3) petitioners did not waive their right to contest attorney fees, as alleged by respondent.

BACKGROUND

In March 1995, Beth Babich Zielinski established a brokerage account with Quick & Reilly, Inc., and its employee/broker, John A. Masi, Sr. The purported purpose of this account was to set aside certain of Ms. Zielinski's premarital funds in a conservative investment vehicle in case those funds were later needed by her mother, who was suffering from Alzheimer's disease and had resided in a nursing home since 1984. In October 1995, Ms. Zielinski purchased $100,000 worth of municipal bonds, as Mr. Masi purportedly represented to her that such bonds were backed by the full faith and credit of the State of Illinois and were suitable for her investment objectives. However, the bonds were not backed by the State of Illinois and were not intended for sale to individuals. Instead, sale of bonds was to be restricted in minimum quantities of $250,000 to institutional investors who, "in the aggregate, own and invest at least $100 million in securities of unaffiliated investors." In March 1996, Ms. Zielinski lost over 75% of her investment, and the issuer of the bonds subsequently defaulted and filed for bankruptcy.

On October 26, 1996, Ms. Zielinski filed a statement of claim with National Association of Investment Dealers (NASD) Office of Dispute Resolution. Therein, she alleged three causes of action against petition-

ers: (1) fraud and misrepresentation under Illinois common law in violation of section 12(2) of the Securities Act of 1933 (15 U.S.C. § 77l(2) (1994)), section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) (1994)), and the Securities Exchange Commission Rule 10b—5 (17 C.F.R. § 240.10b—5 (1996)); (2) recommending an unsuitable investment in violation of Securities Exchange Commission Rule 10b—5 (17 C.F.R. § 240.10b—5 (1996)) and "the New York Stock Exchange 'know your customer rule' "; and (3) failure to supervise in violation of section 27 of the NASD Rules of Fair Practice and "section 20 of the Exchange Act, 15 U.S.C. § 78t." She requested an entry of an award against petitioners for compensatory damages of $100,643.38, prejudgment interest on the compensatory damages, punitive or exemplary damages of $301,903.14, cost of suit, including reasonable attorney fees, and such other amounts as the arbitrators deemed appropriate.

On December 4, 1997, following arbitration, the arbitration panel submitted its award in favor of Ms. Zielinski. The panel found Quick & Reilly, Inc., and Mr. Masi jointly and severally liable for $27,240 in actual damages, $1,188.33 in costs, and $11,500 in attorney fees. The panel also found Quick & Reilly, Inc., solely liable for an additional $58,480 in actual damages, $2,376.66 in costs, and $23,000 in attorney fees. Ms. Zielinski's claims for punitive damages were dismissed with prejudice and denied in the entirety. In regard to the issue of attorney fees, the panel specifically indicated that it "considered the arguments of the parties, as well as the Illinois Securities Law[ ] [of 1953] [(815 ILCS 5/13 (West 1996))], and determined that authority existed for an award of attorney[ ] fees to the Claimant, Beth Babich Zielinski."

On December 31, 1997, petitioners filed a "Petition in the Nature of a Motion and/or Application to Vacate Arbitration Award" with the circuit court of Cook County challenging only the portion of the arbitration award that assessed attorney fees against them. Therein, it was alleged that the arbitration panel was "without the power to award attorney[ ] fees, because none of the statutory or common law claims asserted by the Claimant permit an award of attorney[ ] fees." As such, it was asserted that the panel acted in manifest disregard of the law, and the arbitration award should be vacated pursuant to the federal Arbitration Act (9 U.S.C. § 1 *et seq.* (1994)) and the Illinois Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1996)).

On February 3, 1998, Ms. Zielinski filed her response to petitioners' petition alleging, *inter alia*, the affirmative defense of waiver and estoppel. She contended that because petitioners failed to contest her right to attorney fees in their statement of answer to the arbitration panel, petitioners waived their right to contest said fees and should be

estopped from asserting the argument before the circuit court. Petitioners, however, denied Ms. Zielinski's affirmative defense in their response on February 17, 1998.

On March 5, 1998, Ms. Zielinski filed a motion for summary judgment and confirmation of arbitration award, contending that no errors appeared on the face of the award (see *Garver v. Ferguson*, 76 Ill. 2d 1, 10-11, 389 N.E.2d 1181, 1184 (1979)), and that petitioners' allegations that the arbitrators "acted in manifest disregard of the law" and "exceeded their authority" in awarding Ms. Zielinski compensation for attorney fees incurred in prosecuting her claim were without merit.

On April 6, 1998, petitioners filed their cross-motion for summary judgment seeking a vacatur of that portion of the arbitration award that awarded attorney fees to Ms. Zielinski for the reasons stated in their initial petition before the court.

On August 6, 1998, following a hearing on the parties' cross-motions for summary judgment, the circuit court entered an order granting respondent's motion, denying petitioners' motion, and confirming the arbitration award. Petitioners appeal.

We reverse and vacate that portion of the arbitration award assessing attorney fees against petitioners.

OPINION

Before addressing the merits of petitioners' appellate contentions, it should briefly be noted that their statement of facts contains both argument and comment in violation of Supreme Court Rule 341(e)(6) (134 Ill. 2d R. 341(e)(6)). Although appellate courts have been reluctant to impose sanctions for this type of violation, sanctions may become necessary to enforce respect for the rule. *Sherman Hospital v. Wingren*, 169 Ill. App. 3d 161, 163, 523 N.E.2d 220, 222 (1988). We will consider this warning to be sufficient sanction in this case and address the merits of the appeal.

■ It is well settled that, whenever possible, a court should construe an arbitration award in a manner that upholds its validity. *Rauh v. Rockford Products Corp.*, 143 Ill. 2d 377, 386, 574 N.E.2d 636, 641 (1991), citing *Merritt v. Merritt*, 11 Ill. 565 (1850). Further, judicial review of an arbitrator's award is intended to be more limited than appellate review of a trial court's decision. *Garver*, 76 Ill. 2d at 8, 389 N.E.2d at 1183. Section 12(a) of the Illinois Uniform Arbitration Act (Illinois Act) enumerates various grounds on which an arbitration award is to be vacated. See 710 ILCS 5/12(a) (West 1996). Petitioners

rely on sections 12(a)(2) and (a)(3) of the Illinois Act,[1] which state that a court must vacate or modify an arbitration award where there was evident partiality or misconduct on the part of the arbitrators, thereby prejudicing the rights of either party (710 ILCS 5/12(a)(2) (West 1996)), or where the arbitrators exceeded their powers (710 ILCS 5/12(a)(3) (West 1996)). If the arbitrators have acted in good faith, however, the award is conclusive upon the parties. *Garver*, 76 Ill. 2d at 7-8, 389 N.E.2d at 1183. And, a presumption exists that the arbitrator did not exceed his or her authority. *Father & Sons, Inc. v. Taylor*, 301 Ill. App. 3d 448, 453, 703 N.E.2d 532, 535 (1998). Such deference is accorded because the parties have chosen in their contract how their dispute is to be decided, and judicial modification of an arbitrator's decision deprives the parties of that choice. *Tim Huey Corp. v. Global Boiler & Mechanical, Inc.*, 272 Ill. App. 3d 100, 106, 649 N.E.2d 1358, 1362 (1995). " 'A contrary course would be a substitution of the judgment of the Chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation.' " *Garver*, 76 Ill. 2d at 9, 389 N.E.2d at 1184, quoting *Burchell v. Marsh*, 58 U.S. (17 How.) 344, 349, 15 L. Ed. 96, 99 (1855).

I

We will first address petitioners' contention that they did not waive their right to contest attorney fees, as alleged by Ms. Zielinski. In our view, Ms. Zielinski's contention before the circuit court and on appeal, that petitioners have waived their right to contest attorney fees by referring in their statement of answer to a prearbitration settlement proposal that offered to pay said fees, is not well founded. Specifically, Ms. Zielinski contends that "[d]uring the arbitration proceeding, rather than challenge, in their Answer, the Panel's authority to hear Ms. Zielinski's claim for attorney[ ] fees, [petitioners] repeatedly acknowledged that [Ms.] Zielinski was entitled to attorney[ ] fees." (Emphasis omitted.) As such, having submitted the position that petitioners were willing to pay reasonable fees in their statement of answer to the panel, they should not be allowed to argue that the panel exceeded its authority in awarding said fees. We disagree.

It is well established that courts will not construe settlement

---

[1]Petitioners also rely on the federal Arbitration Act (Federal Act) (9 U.S.C. § 1 *et seq.* (1994)). However, we note that our supreme court has refused to follow federal cases interpreting the Federal Act in cases where the Illinois Act (710 ILCS 5/1 *et seq.* (West 1996)) applies. See *Rauh*, 143 Ill. 2d at 390-91, 574 N.E.2d at 643; *Merritt*, 11 Ill. at 567-68.

offers as admissions of liability. *Neihuss v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 143 Ill. App. 3d 444, 452, 492 N.E.2d 1356, 1361 (1986); see also *Sawicki v. Kim*, 112 Ill. App. 3d 641, 445 N.E.2d 63 (1983). Thus, petitioners' previous good-faith offer to pay reasonable fees was a prearbitration settlement offer and, as such, it will not be construed by this court to mean that petitioners "blanketly agreed to pay [Ms.] Zielinski's fees, or that the arbitrators were somehow authorized to decide the attorney[ ] fees issue." Moreover, although we recognize that waiver may be inferred when a party intentionally relinquishes a known right, either expressly, as by objection, or by conduct, such as silence, inconsistent with an intent to enforce that right (*Hahn*, 164 Ill. App. 3d at 670, 518 N.E.2d at 225), it is undisputed in the case at bar that petitioners objected throughout the arbitration proceedings to the panel's authority to assess attorney fees. Therefore, no waiver has been shown.

## II

■ Petitioners also contend that the arbitrators awarded attorney fees in manifest disregard of the law. While general interpretations of the law by the arbitrators are not reviewable, if the arbitrators manifestly disregard what they know to be the law, such actions are reviewable. *Tim Huey Corp.*, 272 Ill. App. 3d at 106, 649 N.E.2d at 1363. However, review under the "manifest disregard of the law" standard requires that the arbitrators deliberately disregarded what they knew to be the law. *Tim Huey Corp.*, 272 Ill. App. 3d at 106, 649 N.E.2d at 1363. As stated by the court in *Health Services Management Corp. v. Hughes*, 975 F.2d 1253 (7th Cir. 1992):

> "[T]o vacate an arbitration award for manifest disregard of the law, there must be something beyond and different from mere error in law or failure on the part of the arbitrators to understand or apply the law; it must be demonstrated that the majority of arbitrators deliberately disregarded what they knew to be the law in order to reach the result they did. [Citations.]" *Hughes*, 975 F.2d at 1267.

■ Here, petitioners contend that Ms. Zielinski's counsel "issued an invitation for the arbitrators to disregard binding legal precedent" by representing to the arbitrators that they were not required to rigidly follow the law. They further contend that such representations, and the award that followed, show that the panel acted in manifest disregard of the law. We disagree.

The court in *Tim Huey Corp.* stated, in *dicta*:

> "It is almost impossible to ascertain what an arbitrator knew to be the law, because the arbitrator is not required to give reasons, let alone legal analysis, for his decisions. [Citation.] Even if it could be

shown what the arbitrator knew, it would be equally difficult to show that he intentionally disregarded it, as opposed to determining that the principle did not apply in the case before him." *Tim Huey Corp.*, 272 Ill. App. 3d at 107, 649 N.E.2d at 1363. The arbitrators, in the instant case, indicated that they considered the arguments of both parties and determined that authority existed for an award of attorney fees pursuant to the Illinois Securities Law of 1953 (815 ILCS 5/13 (West 1996)). After a thorough review of the record, we cannot say that the arbitrators deliberately or intentionally disregarded what they knew to be the law in reaching their decision. See *Tim Huey Corp.*, 272 Ill. App. 3d at 106, 649 N.E.2d at 1363.

### III

■ Finally, petitioners contend that the arbitrators exceeded their powers by assessing attorney fees against them. This court has held that an arbitrator exceeds his power when he decides any matter not submitted for his resolution. *American Federation of State, County & Municipal Employees v. State of Illinois*, 158 Ill. App. 3d 584, 588, 511 N.E.2d 749, 751-52 (1987). With respect to an arbitrator's authority to assess fees and expenses, the Illinois Act provides:

> "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including attorney's fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award." (Emphasis added.) 710 ILCS 5/10 (West 1996).

Thus, absent a contrary provision in the arbitration agreement, the Illinois Act authorizes arbitrators to assess all fees and costs associated with an arbitration proceeding, except for attorney fees. Instead, the Illinois Act delegates this decision to the parties. As such, an arbitrator's authority to assess attorney fees derives solely from the agreement to arbitrate. See *Lee B. Stern & Co. v. Zimmerman*, 277 Ill. App. 3d 423, 426, 660 N.E.2d 170, 172 (1995).

■ In the case *sub judice*, it is undisputed that no agreement to arbitrate was entered into between the parties. Rather, Ms. Zielinski's claim for arbitration was brought against petitioners pursuant to section 10101 of the NASD Code of Arbitration Procedure. Although the NASD Code of Arbitration Procedure does not require that a statement of claim enumerate the statutory basis for the claim, Ms. Zielinski pled a petition that set forth allegations based on specific statutory claims. In this regard, the petition specifically alleged three causes of action against petitioners: (1) fraud and misrepresentation under Illinois common law in violation of section 12(2) of the Securities Act of 1933 (15 U.S.C. § 77l(2) (1994)), section 10(b) of the Securities

Exchange Act of 1934 (15 U.S.C. § 78j(b) (1994)), and the Securities Exchange Commission Rule 10b—5 (17 C.F.R. § 240.10b—5 (1996)); (2) recommending an unsuitable investment in violation of Securities Exchange Commission Rule 10b—5 (17 C.F.R. § 240.10b—5 (1996)) and "the New York Stock Exchange 'know your customer rule' "; and (3) failure to supervise in violation of section 27 of the NASD Rules of Fair Practice and "section 20 of the Exchange Act, 15 U.S.C. § 78t." None of the aforementioned statutes relied upon by Ms. Zielinski in her statement of claim provided for the award of attorney fees.

Under Illinois law, a prevailing party may not be awarded attorney fees "unless the fees are specifically authorized by statute or provided for by contract between the parties." *McCormick v. McCormick*, 180 Ill. App. 3d 184, 212, 536 N.E.2d 419, 437 (1988). Here, notwithstanding Ms. Zielinski's requests of an award against petitioners that included fees, the parties did not present the matter for arbitration pursuant to the Illinois Securities Law of 1953 (815 ILCS 5/13 (West 1996)); therefore, no basis existed for the entry of an award pursuant to the statute.

Ms. Zielinski, however, asserts that an arbitrator "may award attorney fees if there is a legal basis to do so, even if the parties did not agree in their contract that the arbitrator had a specific right to award" said fees, relying on *Father & Sons, Inc. v. Taylor*, 301 Ill. App. 3d 448, 703 N.E.2d 532 (1998). In *Father & Sons*, a contractor filed a petition to vacate an arbitration award made in favor of homeowners arising out of a remodeling contract, arguing that the arbitrator erred in awarding attorney fees as the contract did not specifically allow for said fees. The court held that it was proper for the arbitrator to rule on the issue of attorney fees as the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/10(a) (West 1996)), under which the parties asserted their claims, provided for an award of attorney fees to the prevailing party alleging fraudulent and deceptive practices. *Father & Sons*, 301 Ill. App. 3d at 455-56, 703 N.E.2d at 537. In our view, however, *Father & Sons* is distinguishable from the case at bar because, unlike the fact situation in *Father & Sons,* none of the statutes relied upon by Ms. Zielinski provided for an award of attorney fees to the prevailing party.

No agreement to arbitrate was entered into between the parties, none of the statutes relied upon by Ms. Zielinski provided for an award of attorney fees, and no reference was made to the Illinois Securities Law of 1953 (815 ILCS 5/13 (West 1996)) in the arbitration petition. Thus, the arbitrators lacked the authority to assess attorney fees in the instant case. Accordingly, we hold that the panel exceeded its authority in assessing fees based upon the Illinois Securities Law of

1953 (815 ILCS 5/13 (West 1996)). *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 179 Ill. 2d 271, 281, 688 N.E.2d 653, 658 (1997); *Lee B. Stern & Co.*, 277 Ill. App. 3d at 428, 660 N.E.2d at 174.

For the foregoing reasons, the decision of the circuit court is reversed and that portion of the arbitration award assessing attorney fees against petitioners is vacated.

Reversed.

RAKOWSKI, J., concurs.

JUSTICE GORDON, dissenting:

I must respectfully dissent from the conclusion of the majority. The majority concedes that, under the guidelines of the NASD Code of Arbitration Procedure § 10314(a), it is unnecessary to plead any legal theories in support of the claims of the respondent, who was the petitioner in the arbitration. Yet, the majority contends that, once having pled a specific legal theory, the respondent and the arbitrators are precluded from considering any others subsequently raised.

No one has pointed to any authority which, in fact, limits the latitude of the arbitrators more so when a legal theory is pled than would be the case than if the statement of claim did not plead any specific theory of action. Moreover, no one has shown any prejudice or surprise in permitting the attorney fees provision under the Illinois Securities Law of 1953 (815 ILCS 5/13 (West 1996)) being raised for the first time during closing argument before the arbitrators. Aside from being a securities dealer charged with knowledge of the securities laws, the petitioners, who were the respondents in arbitration, have demonstrated their awareness of their accountability for attorney fees in their admitted settlement offer to pay "reasonable" attorney fees.

While generally offers of compromise may not be admissible as an implied admission of guilt, in this case the petitioners gratuitously disclosed their offer in their own response to respondent's statement of claim. They cannot now seek to conceal what they had already disclosed. Inferentially, this disclosure may well reflect that petitioners, as securities dealers, were not strangers to their obligation to pay attorney fees under section 13 of the Illinois Securities Act. In any event petitioners have not demonstrated any surprise in the invocation of section 13 of the Illinois Securities Act to vitiate the determination of the arbitrators.

We have long recognized that arbitration provides a valued adjunct by which the parties may seek dispute resolution from their peers who

have expertise in their own industry or profession without burdening the courts. We should therefore hesitate to restrict the latitude of the arbitrator by expanding our powers of review in a manner not specifically contemplated under the provisions of the Uniform Arbitration Act.