FIRST DIVISION
June 16, 2008

No. 1-07-2349

| NICHOLAS ANDERSON, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| GOLF MILL FORD, INC., n/k/a AN/GMF, | ) | |
| INC., | ) | Honorable |
| | ) | Richard J. Billik, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

Plaintiff Nicholas Anderson filed a federal lawsuit against defendant Golf Mill Ford, Inc. ("Golf Mill") based on his purchase of an SUV in 2003. Following arbitration of the suit, Anderson filed a lawsuit in Cook County Circuit Court to vacate the arbitrator's award. Anderson appeals the circuit court's order entering judgment for Golf Mill on his claim and on Golf Mill's counterclaim to confirm the award. We affirm.

FACTS

Anderson purchased a used 2001 GMC Jimmy ("SUV") from Golf Mill on or about April 21-23, 2003. According to Anderson, the salesperson at Golf Mill told him he was financed. Anderson signed a retail installment contract dated April 21, 2003 (the "First RIC") for a cash price of $20,324.30. It provided for $19,356.87, to be financed over 60 monthly payments of $463.04 at

an annual percentage rate ("APR") of 14.99%.

Golf Mill was unable to obtain financing for Anderson pursuant to the terms of the First RIC. Golf Mill executed another retail installment contract (the "Second RIC") dated April 21, 2003. On the Second RIC, the purchase price was reduced to $18,150 and the amount financed reduced to $17,983.55. The monthly payments were increased to $489.39, and the APR was increased to 20.9%. Golf Mill assigned its rights to Household Automotive Finance Corporation ("Household"). Anderson made payments under the Second RIC totaling about $6,791. He stopped making payments after September 2004. He kept the SUV.

Anderson alleged Golf Mill never told him he was not financed under the First RIC. He said he never saw the Second RIC until he received it in the mail. He denied signing the Second RIC. The First RIC contained an arbitration provision. The Second RIC did not.

The arbitration clause in the First RIC allows either party to choose "to have any Claim related to this contract decided by arbitration." Such claims include: "Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue;" "Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates;" and "Claims arising out of or relating to your

1-07-2349

application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract."  The paragraph also provides, "[t]he arbitration decision shall be in writing with a supporting opinion."

Anderson sued Golf Mill in federal district court claiming violations of the Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691 (1991), the Fair Credit Reporting Act, 15 U.S.C. § 1681 (1970), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (West 2006) (Consumer Fraud Act).  In the federal law counts, Anderson alleged Golf Mill failed to inform him that financing under the First RIC had been rejected.  In the Consumer Fraud Act counts, Anderson alleged Golf Mill forged his name to the Second RIC and failed to offer him an opportunity to rescind his purchase of the SUV after he was rejected for financing under the First RIC.  He contended the payments were $26 a month more than he contracted for, resulting in additional finance charges of about $2,000 over the life of the loan.

Golf Mill filed a motion to compel arbitration based on the arbitration clause in the First RIC.  The parties entered into a stipulation with respect to the motion.  It states, in part:

    "Anderson hereby withdraws all objections to

1-07-2349

arbitrating the disputes between himself and Golf Mill arising out of or relating to the claims asserted by him in the Complaint in this matter. Anderson shall proceed to initiate an arbitration of such disputes in accordance with the provisions of the arbitration agreement, which is contained within the contract attached as Exhibit 3 to Golf Mill's pending motion to compel arbitration."

The federal court entered an order granting the agreed motion and stipulation and stayed the litigation. The federal lawsuit was dismissed on November 30, 2004.

The arbitration clause in the First RIC allows either party to choose between three organizations to conduct the arbitration. Anderson selected the American Arbitration Association ("AAA") and submitted a written demand for arbitration.

Golf Mill repurchased the rights under the Second RIC from Household and filed a counterclaim arising from Anderson's default on his payments to purchase the SUV. In his answer, Anderson denied owing any amount to Golf Mill. He did not challenge the arbitrability of Golf Mill's counterclaim.

At the arbitration hearing, Anderson's counsel for the first

4

1-07-2349

time raised an objection to the arbitrability of the counterclaim.  The arbitrator overruled the objection and held the counterclaim was arbitrable.  Golf Mill called a certified forensic document examiner, who testified to the authenticity of Anderson's signature on the Second RIC.  Anderson testified and presented no expert testimony.

With respect to Anderson's claim, the arbitrator awarded Anderson $405.16 in actual damages, $5,000 in punitive damages, and $3,000 in attorney's fees and costs.  With respect to the counterclaim, the arbitrator awarded Golf Mill $17,770.32, which included interest on the unpaid contract, and $3,000 in attorney's fees and costs.  Post-judgment interest was awarded to both parties.

Anderson filed suit in the circuit court to vacate the arbitrator's award.  Golf Mill filed a counterclaim to confirm the award.  Anderson named the AAA as a "Respondent in Discovery" and served the AAA with discovery requests.  Anderson later voluntarily dismissed the AAA and withdrew as moot all discovery requests to the AAA.  The circuit court ruled against Anderson on his complaint and entered judgment for Golf Mill on its counterclaim to confirm the award.  Judgment was entered in the amount of $12,365.16 plus interest at 9% per annum accruing since the award date of June 17, 2005.

5

1-07-2349

DECISION

I. Supporting Opinion

Anderson contends the circuit court erred in refusing to vacate the arbitrator's decision where the arbitrator failed to issue a supporting opinion. He relies on the provision in the arbitration agreement expressly requiring the arbitrator to issue a written opinion supporting the decision. Whether an arbitrator exceeded his or her authority is a question of law, which we review de novo. Truserv Corp. v. Ernst & Young, LLP, 376 Ill. App. 3d 218, 222, 876 N.E.2d 77 (2007).

Anderson chose the AAA to arbitrate the dispute and agreed to abide by AAA rules. AAA Rule R-42(b) provides, "[t]he arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate." As a contractual right, the right to a supporting opinion is subject to waiver by the parties. See Brookfield-North Riverside Water Comm'n v. Abbot Contractors, Inc., 250 Ill. App. 3d 588, 595, 621 N.E.2d 153 (1993). Waiver may be inferred where a party intentionally relinquishes a known right, either expressly or by conduct inconsistent with an intent to enforce that right. Quick & Reilly, Inc. v. Zielinski, 306 Ill. App. 3d 93, 99, 713 N.E.2d 739 (1999). Anderson waived his

6

right to a supporting opinion by failing to request a written opinion pursuant to AAA rules.

Anderson's due process argument is similarly unavailing. Arbitrators have no obligation to explain their decisions in writing. In re Liquidation of Inter-American Insurance Co. of Illinois, 303 Ill. App. 3d 95, 104, 707 N.E.2d 617 (1999).

II. Arbitrability of Counterclaim

Anderson contends the arbitrator's decision on the issue of arbitrability is ultra vires and void because Golf Mill's counterclaim was premised on the Second RIC, which did not contain an arbitration clause.

Where an arbitrator decides the question of arbitrability in the first instance, a court ordinarily reviews the arbitrator's decision de novo. Salsitz v. Kreiss, 198 Ill. 2d 1, 13-14, 761 N.E.2d 724 (2001). However, where the parties agree to submit the question of arbitrability itself to arbitration, the court should review the decision deferentially. Salsitz, 198 Ill. 2d at 14-15.

According to the provision in the First RIC, the parties clearly agreed to submit the issue of arbitrability to arbitration. Anderson admits signing the First RIC. The arbitration provision applies to "Claims arising out of or relating to your application for credit, this contract, or any

7

resulting transaction or relationship***." Anderson also agreed to a stipulation withdrawing "all objections to arbitrating the disputes between himself and Golf Mill arising out of or relating to the claims asserted by him in the Complaint in this matter." The counterclaim arose out of both the sales transaction between the parties and the claims asserted by Anderson in his complaint. In the counterclaim, Golf Mill sought to collect payment on the SUV pursuant to its contract with Anderson.

Anderson waived any argument related to arbitrability of the counterclaim by signing the First RIC with the arbitration provision and by entering into the stipulation. Anderson also placed the Second RIC at issue through his federal lawsuit claims alleging forgery and invalidity of the Second RIC.

Moreover, Anderson failed to object to arbitrability of the counterclaim until the time of the hearing. AAA Rule R-7(c) requires a party to object to arbitrability of a counterclaim no later than the filing of the answer to the counterclaim that gave rise to the objection. Anderson did not challenge the arbitrability of Golf Mill's counterclaim in his answer. We affirm the arbitrator's decision regarding arbitrability of the counterclaim.

III. Inconsistent Decision

Anderson contends the arbitrator's decision was inconsistent

and demonstrated manifest disregard of the law.  He contends the arbitrator's award of punitive damages demonstrates a finding of wanton and willful conduct on the part of Golf Mill, inconsistent with allowing Golf Mill to recover on its contract.

Judicial review of an arbitrator's award is extremely limited, more limited than appellate review of a trial court's decision.  Yorulmazoglu v. Lake Forest Hospital, 359 Ill. App. 3d 554, 564, 834 N.E.2d 468 (2005); Quick & Reilly, 306 Ill. App. 3d at 97.  Courts must construe awards, wherever possible, to uphold their validity.  Yorulmazoglu, 359 Ill. App. 3d at 364.  A court may vacate an award where a gross error of law or fact appears on the face of the award.  Yorulmazoglu, 359 Ill. App. 3d at 365. Review under the "manifest disregard of the law" standard requires that the arbitrators deliberately disregarded what they knew to be the law.  Quick & Reilly, 306 Ill. App. 3d at 99.

We agree with the trial court that the arbitrator's decision was not inconsistent.  It is reasonable to infer the arbitrator awarded Anderson actual and punitive damages on the federal statutory claims for Golf Mill's failure to notify and/or disclose the adverse credit action on the First RIC.  We also infer that plaintiff did not prevail on his forgery and misrepresentation claims.  The arbitrator granted relief to Golf Mill on its counterclaim for the balance owed by Anderson under

9

the Second RIC. The arbitrator likely credited the testimony of Golf Mill's forensic document expert, who testified to the authenticity of Anderson's signature on the Second RIC. Anderson did not present expert testimony to contradict Golf Mill's expert. Anderson has not shown the award was inconsistent or in manifest disregard of the law.

IV. Discovery on AAA Bias

Anderson contends he was entitled to discovery on the issue of AAA bias. A circuit court has wide latitude in ruling on discovery motions, and a reviewing court will not disturb such a ruling unless it constitutes a manifest abuse of discretion. Truserv, 376 Ill. App. 3d at 227. To obtain discovery in an action to overturn an arbitral decision, a party must show some fundamental defect, such as partiality of the arbitrator. A party who fails to provide clear evidence of impropriety will not be permitted additional discovery. Truserv, 376 Ill. App. 3d at 227-28.

We find Anderson failed to make the requisite showing of bias on the part of the individual arbitrator to justify the allowance of discovery. Furthermore, Anderson made no attempt in the circuit court to obtain discovery following the AAA's motion to quash. Instead, Anderson voluntarily dismissed the AAA as a respondent-in-discovery and withdrew all discovery requests.

10

1-07-2349

Anderson has waived the issue by failing to pursue it in the circuit court.

V. Unconscionability

Anderson challenges the arbitration as unconscionable in light of the supreme court's opinion in Razor v. Hyundai Motor Am, 222 Ill. 2d 75, 854 N.E.2d 607 (2006) and the appellate court's opinion in Bess v. DirecTV, Inc., 381 Ill. App. 3d 229, 885 N.E.2d 488 (2008).

We find Anderson forfeited the issue by failing to argue any reason why the agreement was unconscionable. See 210 Ill. 2d R. 341(h)(7) (argument portion of brief shall contain the contentions of the appellant and the reasons therefore, with citation of the authorities and the pages of the record relied on, and points not argued are waived); People v. Lantz, 186 Ill. 2d 243, 261-62, 712 N.E.2d 314 (1999). Anderson merely states the arbitration was unconscionable under the standards articulated in Razor and Bess. He provides no further argument on the issue.

VI. Circuit Court Jurisdiction

Anderson contends the trial court lacked jurisdiction over the defendant's counter-claim, relying on section 9 of the Federal Arbitration Act (FAA). Under section 9, if the parties in their agreement do not specify a court to confirm the award,

11

1-07-2349

"such application <u>may</u> be made to the United States court in and for the district within which such award was made." (Emphasis added.) 9 U.S.C. § 9 (1947). Anderson relies on the statute to argue exclusive jurisdiction lies in federal court.

Anderson's contention regarding the circuit court's jurisdiction is without merit. Section 9 allows a party to confirm an award in federal court; it does not require it. The arbitration clause in the First RIC gives the parties the "[r]ight to take legal action to enforce the arbitrator's decision." Jurisdiction was proper in the circuit court, pursuant to section 16 of the Illinois Uniform Arbitration Act. 710 ILCS 5/16 (West 1976).

CONCLUSION

We affirm the judgment and rulings of the circuit court.

Affirmed.

GARCIA, and R. GORDON, JJ., concur.

12

1-07-2349

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | |
|---|---|
| Please use following form: | NICHOLAS ANDERSON, |
| | Plaintiff-Appellant, |
| Complete TITLE of Case | v. |
| | GOLF MILL FORD, INC., n/k/a AN/GMF, INC., |
| | Defendant-Appellee. |

| | |
|---|---|
| Docket Nos. | No. 1-07-2349 |
| COURT | Appellate Court of Illinois First District, 1st Division |
| Opinion Filed | June 16, 2008 |
| | (Give month, day and year) |

| | |
|---|---|
| JUSTICES | JUSTICE WOLFSON delivered the opinion of the court: |
| | GARCIA, and R. GORDON, JJ., concur. |

| | |
|---|---|
| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin: Appeal from the Circuit Court of Cook County. The Hon. Richard J. Billik, Judge Presiding. |

| | |
|---|---|
| For APPELLANTS, John Doe, of Chicago. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. |
| For APPELLEES, Smith and Smith, of Chicago | For Appellant, Christopher Langone, of Chicago. |
| Joseph Brown, of counsel). | For Appellee, Marion B. Adler and Michael Rachlis, RACHLIS DURHAM DUFF & ADLER, LLC, of Chicago. |
| Also add attorneys for third-party appellants and/or appellees. | (USE REVERSE SIDE IF NEEDED) |

13