DEAN A. DICKIE, Plaintiff-Appellant, v. CANNONDALE CORPORATION *et al.*, Defendants (Wellgo Corporation, Defendant-Appellee).

First District (5th Division)   No. 1—07—2810

Opinion filed March 13, 2009.

Rosa M. Tumialan and Sara C. Arroyo, both of Dykema Gossett, PLLC, of Chicago, for appellant.

Curt J. Schlomo, Melissa A. Murphy-Petros, and John C. Hunter, all of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff-appellant, Dean A. Dickie, appeals an order of the circuit court granting Wellgo Corporation's (Wellgo) motion to dismiss for want of personal jurisdiction. We affirm the judgment of the circuit court.

## Background

On August 27, 1999, plaintiff was riding an XS 800 Cyclocross bicycle equipped with "CODA" clipless pedals, which are pedals that clip to a rider's shoes. The bicycle and pedals are Cannondale Corporation (Cannondale) products, although Wellgo actually manufactured the pedals. Plaintiff was involved in an accident and alleged that he was thrown forward over the bicycle's handlebars. He further alleged that he landed on his left hip and that his left leg was in a "twisted" position because his left foot did not disengage from the pedal.

Plaintiff filed a complaint against defendants on August 14, 2003, which contained a number of claims. Only one count of negligence was asserted by plaintiff against Wellgo. The complaint was later amended, but the claims and allegations against Wellgo did not change. Wellgo subsequently moved to dismiss the first amended complaint for lack of personal jurisdiction under the long-arm statute. The motion was supported by an affidavit of Lynn Lai, Wellgo's sales director in Taiwan, which attested to Wellgo's lack of contacts in Illinois. The circuit court granted Wellgo's motion without prejudice and gave plaintiff leave to amend his complaint.

A second amended complaint was filed, asserting the same count of negligence against Wellgo. Wellgo subsequently moved to dismiss the second amended complaint. The circuit court allowed plaintiff to propound written discovery upon Wellgo regarding the personal jurisdiction issue. Plaintiff did not request oral discovery.

Lai's affidavit states that Wellgo is in the business of designing and manufacturing bicycle pedals, including the clipless pedals in the

case at bar. Wellgo's pedals are manufactured at a Wellgo facility in Taiching, Taiwan. After being manufactured, the pedals are sold and shipped to Cash Crest Co., and Wellgo has no further involvement with the distribution of the product. The affidavit states that Wellgo is not licensed, authorized or registered to do business in any state of the United States. It further states that Wellgo, in Illinois, has never sold or shipped products, executed a contract, provided services, paid taxes, possessed assets, maintained a telephone or fax number, employed any individuals, attended trade shows or meetings, advertised, or otherwise solicited business in Illinois.

Interrogatories submitted to Wellgo further established that there are no agreements between Wellgo and Cannondale regarding the design and manufacture of bicycle pedals. If a Cash Crest Co. client requires modifications to a pedal, Cash Crest Co. asks Wellgo if the modification is possible. Wellgo provides Cash Crest Co. with a sample pedal, and the client reviews the product. After the client approves the pedal, then Cash Crest Co. places an order with Wellgo.

Included in plaintiff's response to Wellgo's motion to dismiss was a deposition of a Cannondale employee, David Campbell, from a prior federal case (*Dickie v. Cannondale Corp.*, No. 01 C 6347 (N.D. Ill. January 26, 2003)). Wellgo was not a party to the prior federal case. Campbell testified that Dan Connors of Cannondale was in Taiwan at some point meeting with various vendors, one of which was Wellgo. Campbell understood that Connors met with Wellgo in some way to discuss an aesthetic change to an existing pedal, but otherwise did not know what else occurred or was discussed.

On June 29, 2007, the circuit court conducted a hearing on the merits of Wellgo's motion to dismiss. Plaintiff requested leave to depose Lai, but the court denied the request on the ground that plaintiff had waived the right by failing to request her deposition during the limited discovery period. However, the court continued Wellgo's motion to July 27, 2007, and allowed plaintiff to propound additional written discovery.

Further interrogatories were propounded upon Wellgo, seeking the identity of each person who had met with Connors or any other representative of Cannondale, as well as for each person with any knowledge of Wellgo's business practices with companies within the United States. A request to admit was also served, asking Wellgo to admit that: (1) a Cannondale representative met with it to discuss the subject pedals; (2) it was aware the representative was from the United States; (3) it was aware that Cannondale is an American company; and (4) it is aware that Cannondale distributes bicycles throughout the United States. Wellgo's response, verified by affiant Lai, admitted

its awareness that Cannondale is an American company which distributes bicycles throughout the United States, but stated that it lacked sufficient knowledge or information to admit or respond to any of the remaining requests.

The circuit court then heard additional oral argument on Wellgo's motion and subsequently granted Wellgo's motion with prejudice. Plaintiff timely appeals.

Plaintiff contends that the circuit court erred in granting defendants' motion to dismiss for want of personal jurisdiction.

## Analysis

A plaintiff has the burden of proving a *prima facie* case for jurisdiction when seeking jurisdiction over a nonresident defendant. *Keller v. Henderson*, 359 Ill. App. 3d 605, 610-11 (2005). When the circuit court decides the issue of personal jurisdiction based solely on documentary evidence, as was the case here, our review is *de novo*. *Henderson*, 359 Ill. App. 3d at 611. Section 2—209(c) of the long-arm statute allows an Illinois court to exercise personal jurisdiction on any basis permitted by the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2—209(c) (West 2006). Therefore, the long-arm statute has been held to be coextensive with the due process requirements of the Illinois and United States Constitutions. *Bolger v. Nautica International, Inc.*, 369 Ill. App. 3d 947, 950 (2007).

Federal due process analysis requires a three-prong analysis consisting of whether (1) the nonresident defendant had "minimum contacts" with the forum state such that there was "fair warning" that the nonresident defendant may be haled into court there; (2) the action arose out of or is related to the defendant's contacts with the forum state; and (3) it is reasonable to require the defendant to litigate in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-78, 85 L. Ed. 2d 528, 540-44, 105 S. Ct. 2174, 2181-85 (1985). The United States Supreme Court has long held that the nonresident defendant's "minimum contacts" with the forum state must be sufficient such that the exercise of jurisdiction does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940).

Plaintiff here primarily argues that personal jurisdiction existed over Wellgo under a "stream of commerce theory." As we recently discussed in *Morris v. Halsey Enterprises Co.*, 379 Ill. App. 3d 574, 581-82 (2008), the scope of the theory has not been clearly established. In *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 94 L. Ed.

2d 92, 107 S. Ct. 1026 (1987), the United States Supreme Court was evenly split on the issue. Four justices found:

"The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State ***. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112, 94 L. Ed. 2d at 104, 107 S. Ct. at 1032 (O'Connor, J., joined by Rehnquist, C.J., and Powell and Scalia, JJ.).

Another four justices found that personal jurisdiction over a foreign manufacturer is consistent with due process as long as the defendant is involved in "the regular and anticipated flow of products from manufacture to distribution to retail sale" and is "aware that the final product is being marketed in the forum State." *Asahi*, 480 U.S. at 117, 94 L. Ed. 2d at 107, 107 S. Ct. at 1034 (Brennan, J., joined by White, Marshall, and Blackmun, JJ.).

In *Morris*, 379 Ill. App. 3d at 582, we did not feel the need to join the debate as to the proper scope of the theory, nor did our supreme court feel the need to in *Wiles v. Morita Iron Works Co.*, 125 Ill. 2d 144 (1988). Our supreme court agreed that "it is clear that purposeful availment of the forum's market requires, at a *minimum*, that the alien defendant is '*aware* that the final product is being marketed in the forum State.'" (Emphasis in original.) *Wiles*, 125 Ill. 2d at 160, quoting *Asahi*, 480 U.S. at 117, 94 L. Ed. 2d at 107, 107 S. Ct. at 1034 (Brennan, J., joined by White, Marshall, and Blackmun, JJ.). This court similarly agreed, finding that a defendant must be aware that the products it placed in the stream of commerce were being marketed in Illinois. See *Morris*, 379 Ill. App. 3d at 582.

In *Morris*, the plaintiff was injured by a fan which fell from a ceiling. The manufacturer of the fan, Halsey Enterprises Company (Halsey), was located in Taiwan and constructed ceiling fans for Casablanca Fan Company (Casablanca), which was incorporated in Illinois. Halsey was aware that hundreds of thousands of its product were distributed and marketed nationally through a network of lighting stores and national retail chains, including Home Depot and Lowe's. Halsey would also ship fans directly to Casablanca's distributors, but did not have any knowledge that any of Casablanca's distributors were actually located in Illinois. Furthermore, Halsey had no control over the actual distribution of its fans within this country, was not aware of which states its products were ultimately marketed or sold

in, and was never informed that its products were being distributed or sold in Illinois. This court found that sufficient minimum contacts did not exist to justify the exercise of personal jurisdiction over Halsey. *Morris*, 379 Ill. App. 3d at 583.

Turning to the case at bar, we find it to be similar to *Morris*. Here, Wellgo was aware that Cannondale was an American company that distributed its products throughout the United States. However, no evidence shows that Wellgo was otherwise aware of specifically where and how Cannondale's products were marketed or sold. Wellgo sold the pedals to Cash Crest Co., a Taiwanese trading company, and from there had no control over or knowledge regarding the distribution of the pedals. We also note that Wellgo never shipped the subject pedals directly to a distributor in the United States, unlike the defendant in *Morris*, which at times did (but was nevertheless found not to have sufficient minimum contacts). Furthermore, as stated above, Wellgo has no presence in Illinois: it is not licensed to do business in Illinois and it has no offices, telephone numbers, employees, agents, or property, nor has it otherwise attempted to market or distribute its products, within this state.

We therefore find that the evidence has failed to establish Wellgo has minimum contacts with Illinois sufficient to establish personal jurisdiction and we need not further address the remaining elements of the federal due process analysis. See *Wiles*, 125 Ill. 2d at 161. Moreover, while typically Illinois courts must consider whether the exercise of personal jurisdiction satisfies both the federal and state due process requirements, here any further analysis of the state constitutional requirements is unnecessary as our long-arm statute requires that both constitutional guarantees be satisfied. See 735 ILCS 5/2—209(c) (West 2006); *Presley v. P&S Grain Co.*, 289 Ill. App. 3d 453, 461 (1997).

Plaintiff, in the alternative, contends that the case should be remanded to allow discovery on Wellgo's specific knowledge that its pedals would be sold in Illinois.

A circuit court has wide latitude in ruling on discovery motions, and a reviewing court will not disturb such a ruling unless it constitutes a manifest abuse of discretion. *Anderson v. Golf Mill Ford, Inc.*, 383 Ill. App. 3d 474, 480 (2008).

Plaintiff did not request to depose Lai after Wellgo moved to dismiss plaintiff's first amended complaint or otherwise request any other jurisdictional discovery. Plaintiff likewise failed to do so after Wellgo moved to dismiss the second amended complaint. Plaintiff only requested Lai's deposition much later, during oral arguments on Wellgo's motion to dismiss the second amended complaint. Although the

circuit court denied plaintiff's request, it did not rule on the motion at that time but instead chose to allow plaintiff another opportunity to propound written discovery to Wellgo, to which Lai provided verified answers on its behalf. As such, we do not find that the circuit court's decision was a manifest abuse of discretion, in that it was "arbitrary, fanciful, or unreasonable." *TruServ Corp. v. Ernst & Young LLP*, 376 Ill. App. 3d 218, 227 (2007).

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

FITZGERALD SMITH, P.J., and O'MARA FROSSARD, J., concur.